IN MATTER OF LEON S. BUCKLES ET AL.—53 S. W. (2d) 1055.

Division One, October 22, 1932.

*A. E. L. Gardner* for appellants.

*Wurdeman, Stevens & Hoester* and *John H. Haley* for respondents.

FERGUSON, C.—In 1905, a written instrument referred to in the briefs as a declaration of trust and agreement was executed, and recorded in St. Louis County, whereby certain building restrictions, therein enumerated, were imposed upon lots located in University Heights Subdivision of University City in that county. Section 6 of Article 3 of said trust agreement provides:

"It is further agreed that if, at any time after January 1, 1910, a majority of the owners of lots in University Heights (estimated by the frontage of said lots and also by the assessed value of said lots) shall agree that further limitations and restrictions on the use of lots in University Heights are desirable, to maintain said tract as a first-class residence quarter said majority of lot owners may petition the circuit court of said locality for a decree that such further limitations and restrictions be imposed as though recited herein, and if the said court, upon due hearing (after such notice to all other lot owners as may be practicable), shall adjudge that said limitations prayed are reasonable and just, then it is hereby authorized by decree to make the same a part of the terms of this instrument upon the due record of said decree in the office of the Recorder of Deeds of said locality."

Acting upon the supposed authority thus granted certain owners of lots in University Heights, representing themselves to be "a majority of the owners of lots in University Heights estimated by the frontage of said lots and also by the assessed value of said lots" filed a

petition in the Circuit Court of St. Louis County on May 1, 1929, alleging that, "further limitations and restrictions on the use of Lot 1 of Block 12, in said University Heights" as therein proposed "are desirable to maintain said University Heights as residence property" and praying a decree of the court imposing such further restrictions and limitations on such lot.

A notice was published for two consecutive weeks, immediately preceding May 11, 1929, in a weekly newspaper of the county, that the petition would be presented and heard in the Circuit Court of St. Louis County on Saturday, May 11, 1929, or as soon thereafter "as counsel can be heard." The law firm of Wurdeman, Stevens and Hoester signed the petition as "attorneys for Petitioners." No protest, answer or other pleading opposing the petition was filed and on August 20, 1929, without hearing any evidence in support of the petition, the court entered its decree imposing the further and additional restrictions as prayed in the petition. On August 30, 1929, and at and during the same term of court, A. E. L. Gardner, representing that he appeared as "Attorney for John W. Lewis and a majority of the owners of lots and parts of lots in University Heights" filed a verified motion to set aside and vacate the decree entered by the court as aforesaid. The motion states:

"At the time of the institution of this proceeding, said petitioners were represented by G. A. Wurdeman, Esq., as attorney, and thereafter at frequent intervals said G. A. Wurdeman consulted with the said A. E. L. Gardner regarding the procedure and trial of this proceeding; that by agreement between said G. A. Wurdeman and said A. E. L. Gardner, the hearing on the petition herein was continued from time to time, and it was fully understood and agreed by and between said G. A. Wurdeman and said A. E. L. Gardner in the event a hearing was had upon said petition, that the persons represented by said A. E. L. Gardner would present whatever protest or pleadings that they might deem proper in contesting the granting of the petition herein; that it was finally understood and agreed by and between said G. A. Wurdeman and A. E. L. Gardner, as attorneys for the parties herein, and as attorneys for the parties interested in this proceeding, that this cause would not be set for trial without agreement by said attorneys; and the said A. E. L. Gardner relying upon said understanding and agreement had with said G. A. Wurdeman, agreed to a continuance of this proceeding until such time as it could be set in accordance with said agreement.

"Your petitioner further represents and shows to the court that in the absence of said A. E. L. Gardner and while he was out of the State on his vacation, and while the said G. A. Wurdeman was likewise absent from the State, one Don Stevens, who is a member of the

law firm of Wurdeman, Stevens & Hoester, a partner of said G. A. Wurdeman, Esq., came into court without notice to said A. E. L. Gardner, and without informing the parties represented by said A. E. L. Gardner, and who are contesting the granting of the petition herein, and proceeded to present said petition to the court without legal service upon the necessary parties to this proceeding and without introducing any evidence to sustain the allegations of the petition herein, and secured an order of this court granting said petition on August 20, 1929; that all of this was done without the knowledge of said A. E. L. Gardner or the persons represented by him in this proceeding and without the knowledge or consent of said G. A. Wurdeman; that the trial of this proceeding in the manner aforesaid was in direct violation and contrary to the agreement had by and between said G. A. Wurdeman and said A. E. L. Gardner as representing the parties hereto; that the petitioners at all times were represented in this matter by the said G. A. Wurdeman, and the said A. E. L. Gardner had no knowledge or information that said Stevens was representing the petitioners.

"Your petitioner further represents and shows to the court that on the face of the petition herein it is inadequate and insufficient to authorize the relief prayed for, and that at the hearing had herein on said August 20, 1929, petitioners did not present evidence sufficient to sustain the allegations of their petition or any evidence; that the order made herein was not supported by any evidence and is void on its face.

"Your petitioner further represents and shows to the court that they have a meritorious defense to the granting of said petition."

Movents then pray the court to, set aside the decree, "reset this cause for trial on some day convenient to the court" and permit them to file "such pleadings as may be proper." Testimony offered in support of the motion was not controverted or contradicted by petitioners and fully sustained the allegations of the motion. The motion being overruled movents appealed from that action of the court.

Appellants rely largely upon the claim that, under the circumstances shown by the evidence offered upon the motion, the circuit court abused its discretion in refusing to set aside the decree and in denying appellants a hearing in opposition to the petition. Respondents, petitioners, counter with a motion to dismiss the appeal and as grounds therefor say:

(1) "This proceeding was not in the nature of a law suit as that term is recognized by the courts of Missouri . . . and there can be no appeal from the action of the court."

(2) "This proceeding has none of the characteristics of a law

suit . . . and none of the prescribed methods for instituting suit in a court of record were followed.''

(3) ''The proceeding was not governed by any statute or law of the State of Missouri.''

(4) ''The action or proceeding in the circuit court was in the nature of an arbitration and jurisdiction was acquired not by any provision of the Constitution or the laws of the State of Missouri but by virtue of the provision in the declaration of trust.''

(5) ''The court in this case would act as nothing more or less than a referee or an arbiter.''

■ ■ We are in agreement with respondent's conclusions, that the proceeding is not a suit at law or in equity and does not conform to any procedure known to the laws of this State whereby a suit may be instituted in and determined by any of the courts of this State; that there is no ''statute or law'' of this State authorizing or governing such a proceeding as here attempted and that the circuit court did not have or acquire jurisdiction by virtue ''of the Constitution or laws of the State of Missouri.'' Nor, we may add, did the court have jurisdiction of the subject-matter and power to entertain and determine such proceeding by virtue of its inherent powers as a court of general jurisdiction. ''It is a universal principle as old as the law that the proceedings of a court without jurisdiction are a nullity and its judgment without effect either on the person or property.'' [7 R. C. L. p. 1031.] ''With the exception of certain inherent powers which of right belong to all courts'' unless ''the power or authority of a court to perform a contemplated act can be found in the Constitution or the laws enacted thereunder, it is without jurisdiction and its acts are without validity.'' [7 R. C. L. 1030.] As the circuit court is not empowered either by virtue of its inherent powers or by Constitution or statute to entertain and hear such a proceeding and determine the issues attempted thereby to be presented for its adjudication, that is does not have jurisdiction of the subject-matter, such power and authority cannot be conferred upon the court by the private agreement of individuals. The interested parties may perhaps, by agreement, provide a mode of procedure or arbitration for imposing new or additional restrictions, or the modification of existing restrictions, upon property within the given area, and to enforce the observance of such restrictions or prevent a violation thereof have recourse to the remedies, process, and forms of action afforded by the courts but it is not within the power of contracting parties to invest a court with any jurisdiction or power not conferred upon it by law, nor can the court be utilized as a private umpire or arbitrator. It has no right, power or authority to act in such capacity. Respondent's conclusions, above set out, in effect concede that the court did not

have jurisdiction of the subject-matter of the proceeding. A court can act only within its jurisdiction and an act beyond, outside of or in excess of its jurisdiction is a nullity. The circuit court being without jurisdiction of the subject-matter the decree entered in this proceeding is void. "An absolute want of jurisdiction of the subject-matter or cause of action cannot be waived; nor can the doctrine of equitable estoppel be invoked to confer a jurisdiction on a tribunal which has not jurisdiction of the subject-matter." [15 C. J. 844.]

For the reasons stated the decree entered by the circuit court should be vacated. Therefore the order of the court refusing to set aside such decree is reversed and the circuit court is directed to vacate its judgment and decree and dismiss the proceeding. *Sturgis* and *Hyde*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.