STATE of Missouri ex rel. Mary Ann
NESBIT, Relator,

v.

The Honorable Herbert LASKY, Judge of
the Circuit Court of St. Louis
County, Respondent.

No. 38431.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 11, 1977.

Rosecan, Popkin & Chervitz, Richard C. Witzel, St. Louis, for relator.

Paul Taub and Jerry A. Klein, Overland, for respondent.

McMILLIAN, Presiding Judge.

On July 21, 1976, respondent judge struck all existing orders in relator's dissolution action and dismissed the action without prejudice. On August 30, 1976 the court issued an alternative writ of mandamus ordering the judge to reinstate the stricken orders and proceed with the case. The issue now before this court is whether the writ should be made absolute.

The procedural history of this controversy is relatively involved but very pertinent to a proper resolution of the case. On July 16, 1975, relator filed her suit for dissolution of marriage in the circuit court of Jackson County, State of Missouri. On August 1, 1975, the relator's husband's first attorney entered a limited appearance in the Jackson County court for the purpose of contesting that court's jurisdiction over the parties. Apparently no resolution was ever made of this motion to dismiss. Allegedly pursuant to an agreement between relator's attorney and relator's husband's first attorney, a second dissolution action was filed on November 17, 1975, in the circuit court of St. Louis County. An answer and appearance for relator's husband were entered in St. Louis County. The St. Louis County action then proceeded for several months during which time motions were heard, depositions were taken, interrogatories were filed and answered, and after oral argument and testimony a pendente lite order for child support was entered. In May of 1976, relator's husband's first attorney withdrew and a new attorney appeared for the husband commencing June 14, 1976.

On June 25, 1976, the St. Louis County cause was transferred to respondent judge pursuant to the new attorney's motion for change of judge. On July 9, 1976, relator's husband filed a motion to strike previous orders and to dismiss alleging that the circuit court of St. Louis County had no jurisdiction over the subject matter of the cause because of the pendency of the previously filed suit in Jackson County. On Friday, July 19, 1976, immediately before the hearing on this motion to dismiss the Jackson County action was dismissed by relator. On July 21, 1976, respondent judge sustained the motion to strike previous orders and to dismiss, and dismissed relator's cause without prejudice. The grounds upon which the judge dismissed relator's cause are not made explicit in the order but based on the positions taken by the respective parties in argument on the writ, we assume the striking and the dismissal were based on the judge's determination that at the time of entry of the orders he lacked subject matter jurisdiction because of the pendency of the Jackson County suit.

Respondent judge contends that our alternative writ of mandamus was improvidently granted because relator has a pending appeal in this court which respondent asserts will give relator full relief and because relator has failed to plead facts demonstrating any inadequacy of the remedy by appeal. Respondent also asserts that the pendency of the Jackson County suit deprived St. Louis County of subject matter jurisdiction. Relator counters that the remedy by appeal is not adequate so as to preclude mandamus and that the pendency of the Jackson County suit did not deprive St. Louis County of subject matter jurisdiction but simply allowed relator's husband a possible plea in abatement of the St. Louis County action. Relator further contends that relator's husband's voluntary appearance in St. Louis County amounts to a waiver of the defense of abatement.

Before addressing the correctness of respondent's ruling on the jurisdictional issue, we must discuss briefly the propriety of mandamus as a remedy. Mandamus is

an extraordinary remedy normally unavailable if there is another plain, speedy and adequate remedy at law, *State ex rel. M. B. v. Brown,* 532 S.W.2d 893, 895 (Mo.App. 1976). In the present case, relator has a concurrently pending appeal to this court filed August 30, 1976, but the mere fact that an appeal is pending does not preempt mandamus. The other remedy must be equally adequate and efficient, *State v. McDonnell,* 426 S.W.2d 11, 15 (Mo.1968), *State ex rel. M. B. v. Brown,* supra, at 895. Respondent contends that relator's petition to this court fails to state facts to support her allegation that other adequate relief is unavailable. Relator's reply to respondent's return to alternative writ of mandamus, paragraph 4, however, reveals to this court that the basis of the claimed inadequacy is the treatment of pendente lite child support payments. Our alternative writ of mandamus ordered the trial judge to reinstate the stricken orders and thus to reimpose the child support obligation. If we were to quash the alternative writ and relegate relator to the appeal route, then until such time as the appeal was resolved there would be no existing judicially mandated support obligation. We feel that the question of child support marks the present dispute with an inherent need for celerity sufficient to render appeal an inadequate remedy and thus to justify use of mandamus.

■ In the present case, the alternative writ of mandamus should be made absolute because there was not a legally justifiable basis for dismissal of relator's action. The trial court struck orders believing them to be nullities because entered by a court lacking subject matter jurisdiction due to pendency of the prior filed suit. The pendency of a prior action, however, does not serve to deprive the second court of subject matter jurisdiction. Respondent's confusion is understandable in light of the ambiguous language in which the general rule is normally stated. As recently noted, the general rule provides:

> ". . . 'that where two actions involving the same subject matter are brought between the same parties in courts of concurrent jurisdiction, the Court in which service of process is first obtained *acquires exclusive jurisdiction of the cause,* and may dispose of the whole controversy without the interference of any other court.'" (Emphasis added.)

*State ex rel. Kincannon v. Schoenlaub,* 521 S.W.2d 391, 393 (Mo. banc 1975). See generally cases collected at Missouri Digest, Courts, ■■■■■ The usage of the words "exclusive jurisdiction" in the statement of the general rule imports, however, only a very well-established judicial policy of deference to the first filed suit. The rationale of that policy has been repeatedly stated as:

> "This rule rests upon comity and the necessity of securing proper and orderly administration of justice to prevent vexation, oppression, harassment and unnecessary litigation. Any other rule would result in a multiplicity of suits and create unseemly, expensive and dangerous conflicts in the securing and execution of judgments."

*In re Gaebler's Estate,* 248 S.W.2d 12, 15 (Mo.1952); *Warder v. Henry,* 117 Mo. 530, 23 S.W. 776, 779 (1893); *Martin v. Richmond Cotton Oil Co.,* 194 Mo.App. 106, 184 S.W. 127, 130 (1916); *State ex rel. Nicholson v. McLaughlin,* 170 S.W.2d 705, 707 (Mo.App.1943); 21 C.J.S. Courts § 492, pp. 747–8. Though not necessary to our resolution of this controversy, we note that the record filed in this court gives no indication of vexatiousness or oppression.

■ A further clue to the realization that pendency of a prior filed suit does not raise a question of subject matter jurisdiction is found in Rule 55.27, V.A.M.R. As correctly noted by respondent, the defense of subject matter jurisdiction cannot be defeated by waiver, acquiescence or even express consent, *Kelch v. Kelch,* 450 S.W.2d 202, 204 (Mo.1970) and *Lafayette Federal Savings & Loan Association of Greater St. Louis v. Koontz,* 516 S.W.2d 502, 504 (Mo.App.1974). Rule 55.27(g)(1), however, specifies as one defense deemed waived if not timely made the defense "that there is another action pending between the same parties for the same cause in this state." A separate sub-

**54**

section, Rule 55.27(g)(3) relates to the defense of subject matter jurisdiction and expresses the general principle that this defense is always available.

■ Our alternative writ of mandamus should, therefore, be made absolute because:

"We have established the rule that when, upon a preliminary question of jurisdiction depending wholly upon the law and not upon the facts, the court *misconceives* its jurisdiction of the cause or of the parties and refuses to proceed to a final determination upon the merits then the appellate court will issue its writ of mandamus· to compel the lower court to reinstate the matter and proceed to its final determination . . . ."

*State ex rel. Fielder v. Kirkwood,* 345 Mo. 1089, 138 S.W.2d 1009, 1011 (1940); *State ex rel. Alden v. Cook,* 360 Mo. 252, 227 S.W.2d 729, 732–3 (banc 1950); *State ex rel. Great American Ins. Co. v. Jones,* 396 S.W.2d 601, 603 (Mo. banc 1965).

■ As a final comment, we note that even if the existence of the Jackson County suit had been properly argued to respondent judge as a plea in abatement, the defense would have been unavailing. Respondent's return to alternative writ, paragraph 4, admits the filing of an answer in the St. Louis County action on December 30, 1975. Respondent's motion to strike and dismiss raising the defense of a prior filed suit was not made until July 9, 1976. Under Rules 55.27(a) and 55.27(g)(1), the defense would properly be deemed to have been waived.

The alternative writ of mandamus is made absolute.

STEWART and RENDLEN, JJ., concur.