**Doyle PARMER, Plaintiff-Appellant,**

v.

**Frank D. BEAN and Mary E. Bean, his wife, Defendants-Respondents.**

No. 44561.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 13, 1982.

James R. McHaney, Cape Girardeau, for plaintiff-appellant.

Albert C. Lowes, Jackson, Steven N. Limbaugh, Donald L. Dickerson, Cape Girardeau, for defendants-respondents.

PUDLOWSKI, Judge.

This is an appeal from a summary judgment entered against the plaintiff-appellant, Doyle Parmer, by the Circuit Court of Cape Girardeau County. In June, 1980, the appellant filed a common law tort claim against the defendants-respondents, Frank and Mary Bean, alleging he was injured as a result of the respondents' negligence in modifying a saw used by him in the course of his employment by respondents. As part of their answer the respondents asserted that the tort cause of action was barred by the provisions of the Workmen's Compensation Law, chap. 287, RSMo (1978).

In February, 1981, respondents filed a motion for summary judgment under Rule 74.04 alleging that the only remedy available to appellant is within the scope of the Workmen's Compensation Law and that the appellant's common law tort action is barred. In support of the motion respondents filed an affidavit and exhibits. The appellant filed no memorandum, affidavit or exhibits in opposition to respondents' motion for summary judgment. The documents on file with the court reveal that the respondents, jointly and individually, operated two businesses. One was a Dairy Queen restaurant, the other a home construction—carpentry business known as Beacon Builders. Appellant was an employee of Beacon Builders and was injured in the course of his employment. On June 22, 1981, the trial judge granted the motion for summary judgment, and entered judgment against the appellant on the grounds that appellant's exclusive remedy was under the Workmen's Compensation Law, pursuant to § 287.120, RSMo (1978).

Section 287.120 provides that the rights and remedies granted the employee under the Workmen's Compensation Law are exclusive and preclude all common law remedies. Once the employer, the employee and the accident fall under the Workmen's Compensation Law the case is cognizable by the Workmen's Compensation Commission and the Commission's jurisdiction is original and exclusive. *Sheen v. DiBella*, 395 S.W.2d 296, 302 (Mo.App.1965). The trial judge determined that the respondents, the appellant and the accident fell under the Workmen's Compensation Law. Therefore, the Workmen's Compensation Commission had exclusive jurisdiction under § 287.120.

Under § 287.280 RSMo (1978), an employer subject to the provisions of the Workmen's Compensation Law who fails to maintain compensation insurance can be sued at common law by the injured employee. The exhibits filed by the respondents in support of their motion for summary judgment indicate that the insurer acknowledged the existence of a policy covering the Dairy Queen restaurant but denied that said policy covered Beacon Builders. Respondents alleged in their affidavit that Beacon Builders was covered by the insurance policy. Submitted with the affidavit was a copy of the insurance policy between the respondents and the insurer. The boilerplate provisions of the policy specifically incorporate the declarations of the parties as part of the policy. On a document denominated "declarations" there is an insurance rate listed for both the Dairy Queen and Beacon Builders. The total deposit premium listed on this document was $594.00. Another document submitted to the trial court was an invoice for

the insurance policy in question. This invoice clearly indicates that the respondents paid a deposit premium of $594.00, and that the charges deducted from that deposit ($534.00) included the premium charge for coverage of Beacon Builders. Based on this evidence the trial court found that there was compensation insurance in effect at the time of the accident which covered Beacon Builders. As a result, the trial judge found that the appellant could not pursue a common law tort claim under § 287.280. Since the Workmen's Compensation Commission had exclusive jurisdiction under § 287.120, Section 287.280 was not applicable as contended by appellant and the trial court entered a summary judgment against him.

Appellant contends that the respondents failed to meet their burden of proof on the summary judgment. In order to answer appellant's contention we must first determine what the measure of the burden of proof is and whether the respondents have supplied such proof required under the circumstances presented by the case at bar. Our review of the case law reveals considerable confusion and conflict on this question, which stems from the two procedural devices employed to raise the applicability of the Workmen's Compensation Law as a defense to a common law tort claim. The first device is a motion for summary judgment, Rule 74.04 (1981). The second is a motion to dismiss for lack of subject matter jurisdiction under Rule 55.27 (1981).

A summary judgment is appropriate when the court determines from the pleadings, depositions, and affidavits on file that there is no material issue of fact and that the movants are entitled to judgment as a matter of law. *Gunning v. State Farm Mut. Auto Ins. Co.*, 598 S.W.2d 479 (Mo. App.1980). The measure of proof for a summary judgment is established by "unassailable proof" that the movant is entitled

thereto. Rule 74.04(b). If there is the slightest doubt as to the facts, summary judgment is not proper. *Peer v. MFA Milling Co.*, 578 S.W.2d 291, 292 (Mo.App.1979). The reason that the movant has such a high burden of proof is clear. Summary judgment is an extreme and drastic remedy. *Weber v. Les Petite Academies, Inc.*, 490 S.W.2d 278, 279 (Mo.App.1973). As its name implies, a summary judgment is a judgment entered in a summary fashion without a full trial on the merits. It has the same effect as any other judgment on the merits, including a res judicata effect between the parties.

The second procedural method is the filing of a motion to dismiss. A court should grant a motion to dismiss for lack of subject matter jurisdiction whenever "it appears" that the court lacks such jurisdiction. Rule 55.27(g)(3). Once a factual question of the court's jurisdiction is raised, the movant bears the burden of demonstrating that the court's exercise of jurisdiction is improper.[1] *Randall v. St. Albans Farms, Inc.*, 345 S.W.2d 220, 223 (Mo.1961). As the term "appears" suggests the quantum of proof is not high. It must appear by the preponderance of the evidence that the court is without jurisdiction. When the court's jurisdiction turns on a factual determination the decision should be left to the sound discretion of the trial judge. *State ex rel. Alden v. Cook*, 360 Mo. 252, 227 S.W.2d 729, 733 (banc 1950). There are several reasons for a lower burden of proof. One is that a cause of action dismissed for lack of subject matter jurisdiction is dismissed without prejudice. *Stix & Co. Inc. v. First Mo. Bank & Trust Co.*, 564 S.W.2d 67, 70 (Mo. App.1978). The plaintiff is free to refile another action in the same tribunal or another tribunal which has jurisdiction. *Id.* The more important reason is that subject matter jurisdiction goes to the very heart of

---

1. Lack of subject matter jurisdiction can arise in two ways. First, the movant may allege that the pleadings fail to establish jurisdiction as a matter of law. In this situation the facts are stipulated, and the question of jurisdiction is purely one of law. Second, the movant may allege that certain conditions of jurisdiction do not exist, and thus raise a factual issue. In the case at bar the trial court is without jurisdiction if the Workmen's Compensation Law applies. This question is a factual one. *Roberts v. Epicure Foods Co.*, 330 S.W.2d 837, 840 (Mo.1960).

the court's power to act and determine the rights and duties of the parties. When the court lacks subject matter jurisdiction, any action it takes is null and void. *McCoy v. Biegel*, 305 S.W.2d 29, 34, 35 (Mo.App.1957).

■ It is apparent that a motion for summary judgment and a motion to dismiss for lack of subject matter jurisdiction are quite different. Summary judgment purports to be a judgment on the merits with res judicata effects between the parties in which the movant has extremely high burden of proof. A motion to dismiss for lack of subject matter jurisdiction is a preliminary question of the court's power to act which is not a decision on the merits with res judicata effect, and in which the movant has a lower burden of proof. The next question is which procedure is mot appropriate for raising application of Workmen's Compensation Law as a defense to a common law cause of action. To answer this question we must examine the effect of the remedy created in the Workmen's Compensation Law.

■ In *Marie v. Standard Steel Works*, 319 S.W.2d 871 (Mo. banc 1959), the Supreme Court interpreted § 287.120. It found that the Compensation Act "... is not supplemental or declaratory of any existing rule, right or remedy, but creates an entirely new right or remedy and ... such new right or remedy is wholly substitutional in character and supplants all other rights and remedies at common law or otherwise." *Id.* at 875. When an employer-employee relationship exists, and an accident occurs in the course of employment a common law action for damages will not lie. *Sheen v. Dibella*, 395 S.W.2d 296, 298 (Mo. App.1965). Section 287.120 of the Workmen's Compensation Law has abrogated the original jurisdiction of the courts over the aforementioned class of cases, and vested that jurisdiction exclusively in the Workmen's Compensation Commission. *Kemper v. Gluck*, 327 Mo. 733, 39 S.W.2d 330, 332 (banc 1931); *Sheen v. DiBella, supra.* When a circuit court lacks the jurisdiction to entertain a class of cases and determines the issues sought to be presented therein, it lacks subject matter jurisdiction. It has no right, power or authority to act in such capacity. *In re Buckles*, 331 Mo. 405, 53 S.W.2d 1055, 1057 (1932).

■ Whether the Workmen's Compensation Law applies is a question of fact. *Roberts v. Epicure Foods Co.*, 330 S.W.2d 837, 840 (Mo.1960); *Kemper v. Gluck, supra.* In the case at bar the question of fact is whether compensation insurance covering Beacon Builders was in effect at the time of appellant's injury. If there was no insurance, a common law cause of action will lie in circuit court under § 287.280. The trial judge found by the preponderance of the evidence that there was insurance in effect and consequently § 287.280 was unavailing. In essence the trial judge found that he lacked subject matter jurisdiction, because the Workmen's Compensation Commission had exclusive jurisdiction over the cause of action and the respondents carried their burden. After arriving at this conclusion, however, the court issued a summary judgment. Once the court recognized that there was sufficient proof from the pleadings that it lacked subject matter jurisdiction, the court had no power to enter a summary judgment and should have treated the motion for summary judgment as a motion to dismiss under Rule 55.27 and dismissed the cause of action without prejudice.

■ It appears that the proper means of raising the Workmen's Compensation Law as a defense to a common law tort action *primarily* is by motion to dismiss for lack of subject matter jurisdiction. While we believe this is the proper procedural method we recognize Rule 55.27(g)(3) which provides that: "*Whenever* it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." This provision indicates that lack of subject matter jurisdiction can be raised at anytime during the proceedings. The defense cannot be defeated by waiver, acquiesence or even express consent. *State ex rel. Nesbit v. Lasky*, 546 S.W.2d 51, 53 (Mo.App.1977). Thus, the movant may raise lack of subject matter jurisdiction subsequently in a mo-

tion for summary judgment. At that time the trial court could grant the motion for summary judgment if the evidence is established by unassailable proof.

 We conclude that regardless of the manner in which the applicability of the Workmen's Compensation Law is raised as a defense to a common law cause of action, the trial judge must initially treat it as a motion to dismiss for lack of subject matter jurisdiction. Since this question is a factual one, it is to be left to the sound discretion of the trial judge. The movant will not be required to show by unassailable proof that there is no material issue of fact because the trial judge decides only the preliminary question of his own jurisdiction, which is not a decision on the merits and is without res judicata effect. The movants must prove, as they did in this case, by a preponderance of the evidence that the trial court is without jurisdiction. The provisions of Rule 55.27 and Rule 55.28 establish a flexible and effective procedure for the presentation of affidavits, exhibits and evidence on this factual question of jurisdiction. *McLeod v. Marion Laboratories, Inc.*, 600 S.W.2d 656, 658 (Mo.App.1980).

As noted previously, the trial judge could not properly enter a summary judgment in the case at bar. This court has a duty to dispose finally of a case if possible, provided there is a record and evidence upon which we can rule with some degree of confidence in the reasonableness, fairness and accuracy of our final conclusion. *Household Finance Co., Inc. v. Watson*, 522 S.W.2d 111, 116 (Mo.App.1975). We find such a record here. After a review of all of the evidence we find that the evidence submitted by respondents in support of its motion is substantial. The appellant's offered nothing in opposition. The trial judge found that the evidence left no material issue of fact with respect to the application of the Workmen's Compensation Law. Therefore we hold that the motion for summary judgment should be considered as a motion to dismiss for lack of subject matter jurisdiction and affirm the result of the trial judge. Appellant's first contention is without merit.

Finally, appellant alleges that respondents should be estopped from asserting the Workmen's Compensation Law defense. As noted earlier, application of the Workmen's Compensation Law goes to subject matter jurisdiction, which cannot be waived. *State ex rel. Nesbit v. Lasky, supra.* We find that the trial judge cannot, on the basis of estoppel, exercise jurisdiction which is beyond his power. The cause of action before the trial court must be dismissed for lack of subject matter jurisdiction.

Judgment is affirmed and remanded with instructions to enter an order dismissing appellant's cause of action for lack of subject matter jurisdiction without prejudice.

SMITH, P. J., and SATZ, J., concur.