**William H. WRIGHT and Clara M. Constantine, Respondents,**

v.

**Leo M. MULLEN and Dolores I. Mullen, Appellants.**

**No. WD 33487.**

Missouri Court of Appeals, Western District.

Aug. 9, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Sept. 28, 1983.

Application to Transfer Denied Nov. 22, 1983.

Haskell Imes, Quinn, Peebles, Beaird & Cardarella, and Allan R. Browne, Kansas City, for appellants.

John J. Williams III, Slagle & Bernard, Kansas City, and Edward A. McConwell (Member of Bar of State of Kan.), Overland Park, Kan., for respondents.

Before SOMERVILLE, C.J., and SHANGLER and PRITCHARD, JJ.

SHANGLER, Judge.

The plaintiffs Wright and Constantine sued the defendants Mullen to recover for the malicious prosecution against them of a civil action. The trial court employed the principle of collateral estoppel to enter a partial summary judgment against the defendants on the issue of liability and to order a trial on the issue of damages only. A jury returned a verdict of $10,000 actual and $20,000 punitive damages for each plaintiff. The appeal contends that the summary judgment order that the malicious prosecution cause of action, save for damages, was concluded against the defendants by the operation of collateral estoppel was error.

The judgment the trial court enforced to conclude the malicious prosecution cause of action against the defendants Mullen was in a litigation the Mullens brought [as plaintiffs] against Wright and Constantine [and four others as defendants] for fraudulent representation. In the predecessor action, the four other defendants answered the complaint and *counterclaimed for the malicious prosecution of the pendant suit by the Mullens.* The [then] defendants Wright

and Constantine made answer but did not counterclaim. The issues were tried to the court and judgment was entered for all the defendants on the claim of plaintiffs Mullen and for the four defendants on their counterclaims for malicious prosecution. The court expressly found that the Mullens brought their action with knowledge that the misrepresentations alleged against the defendants were not true and so concluded that the Mullens had acted maliciously and without probable cause in bringing the action. The court awarded the four defendants-counterclaimants $3,000 actual and $2,000 punitive damages.

Some months later, the plaintiffs Wright and Constantine sued the Mullens for the malicious prosecution of the prior action. They moved for partial summary judgment on the assertion that the findings and conclusions entered by the circuit judge in the predecessor proceeding operated as a collateral estoppel against the Mullens on the issue of liability. The trial court sustained the motion and relieved the plaintiffs from the proof of malicious prosecution, except for the element of damages. The jury verdicts, as we noted, favored the plaintiffs. The defendants Mullen take this appeal. The plaintiff Constantine has since died and the personal representative of her estate was duly substituted.

We conclude that the partial summary judgment was error and remand the cause for a new trial. The order supposes that the counterclaims for malicious prosecution in the former action culminated in valid judgments so as to conclude against the Mullens—on principles of collateral estoppel—that liability for malicious prosecution in the subsequent suit by Wright and Constantine. That premise of judgment is faulty. We determine, rather, that the counterclaims for the malicious prosecution of the actions *then pending* against the counterclaimants were not yet accrued, conferred no subject matter jurisdiction in a court to adjudicate, could not result in valid judgments, and hence were of no effect as

res judicata or as a collateral estoppel in a subsequent suit.

It is essential to a cause of action for malicious prosecution that the litigation has ended in favor of the party who asserts the damage. *Zickel v. Knell,* 357 Mo. 678, 210 S.W.2d 59, 60[1–3] (1948). Thus, a malicious prosecution cannot reify to a defendant against whom that prosecution still pends. *Euge v. Lemay Bank & Trust Company,* 386 S.W.2d 398, 399[4–6] (Mo.1965). A *counterclaim* for the malicious prosecution of the petition against which the defendant counterclaims, therefore, complains of a litigation yet undetermined and so states no cause of action. *Niedringhaus v. Zucker,* 208 S.W.2d 211[1] (Mo.1948). A pleading which states no cause of action confers no subject matter jurisdiction a court can adjudicate, and is subject to dismissal. *Niedringhaus v. Zucker,* supra, l.c. 212[3]. Such a defect is jurisdictional. *State ex rel. MFA Insurance Co. v. Murphy,* 606 S.W.2d 661, 663[2, 3] (Mo. banc 1980).

The adjudications of the counterclaims not yet matured were not, as the plaintiffs here [defendants there] would have it, merely erroneous judgments entitled nevertheless to "the same force and effect as any final judgment, notwithstanding any error." They were void judgments. The trial court was without power or prerogative to grant relief on the four counterclaims for malicious prosecution: an adjudication bereft of justiciable subject matter binds no one. *In re Buckles,* 331 Mo. 405, 53 S.W.2d 1055, 1057 (1932); *Lake Wauwanoka, Inc. v. Spain,* 622 S.W.2d 309, 314[8, 9] (Mo.App.1981). A void judgment can have no conclusive effect, either as res judicata or as an estoppel because the proceeding which culminates in the void judgment is itself without integrity. *Ripley v. Bank of Skidmore,* 355 Mo. 897, 198 S.W.2d 861, 865 (1947).

That the Mullens—then plaintiffs in the original action—made no objection to

the counterclaims for malicious prosecution, does not prevent assertion of their invalidity for the first time in a collateral proceeding. *McCoy v. Briegel,* 305 S.W.2d 29, 34[1–5] (Mo.App.1957). It is simply that such a judgment engenders no rights, and hence neither waiver, acquiescence nor even consent can restore a validity. *Parmer v. Bean,* 636 S.W.2d 691, 695[12, 13] (Mo.App. 1982).

The order of partial summary judgment which concluded liability for malicious prosecution against the Mullens on principles of collateral estoppel by the adjudication of the counterclaims in the original proceeding was erroneous.[1] The defendants Mullen are entitled to a trial of the entire malicious prosecution cause of action.

The cause is reversed and remanded for a new trial.

All concur.

1. The doctrine of collateral estoppel as a principle of issue preclusion, of course, is established in our law. *See Oates v. Safeco Insurance Company,* 583 S.W.2d 713 (Mo. banc 1979). The doctrine in orthodox use precludes a *plaintiff* from the litigation of an issue decided in a prior litigation. That usual application of the device is *defensive.* The partial summary judgment entered by the trial court, however, employs the doctrine to an *offensive* use—not to *preclude* the plaintiff from the assertion of an issue, but to *conclude* the defendant from the defense of an issue. One may doubt that such a technique fosters those ends of judicial administration and public interest which validate the issue preclusion use of the procedure. *See Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Nevertheless, the offensive use of collateral estoppel has been approved—within limitations—by the United States Supreme Court and other forums. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). One limitation against its use in *Parklane* is [l.c. 651]:

"The general rule should be that in a case where a plaintiff could easily have joined in the earlier action ... a trial judge should not allow the use of offensive collateral estoppel."

Thus, on this basic rationale, the plaintiffs Wright and Constantine, who were defendants in the original action with opportunity to join in the counterclaims, would have been precluded to claim the offensive collateral estoppel effect of those judgments—had they been otherwise valid.