Therese Marie EDWARDS,
Petitioner-Appellant,

v.

William Marvin EDWARDS,
Respondent.

No. 50373.

Missouri Court of Appeals,
Eastern District,
Division One.

May 6, 1986.

Stephen M. Ryals, Ferguson, Raymond O. Sotier, St. Louis, for petitioner-appellant.

William Marvin Edwards, pro se.

CARL R. GAERTNER, Presiding Judge.

Petitioner, a U.S. Air Force sergeant stationed abroad, filed a petition in the Circuit Court of the City of St. Louis seeking (1)

dissolution of her marriage to respondent, a Georgia resident (2) custody of their minor son, (3) child support, (4) maintenance for herself, (5) an equitable division of the marital property, and (6) attorney's fees and costs. Respondent moved to dismiss the petition for lack of jurisdiction over the subject matter and the person. The circuit court granted the motion and dismissed the petition without prejudice. Petitioner appeals.

## I

■■■ Ordinarily an order of dismissal without prejudice is not a final judgment from which an appeal may be taken. *Miller v. Schultz,* 614 S.W.2d 11, 13 (Mo.App. 1981). However, if a dismissal that purports to be without prejudice is in substance a dismissal not of the petition but of the action itself, the order of dismissal is appealable. *Nicholson v. Nicholson,* 685 S.W.2d 588, 589 (Mo.App.1985). The petition in this case was dismissed for lack of jurisdiction over the person and the subject matter. No jurisdictional defect, however, appeared on the petition's face. Instead, respondent raised the issue of lack of jurisdiction by disputing the truth of petitioner's jurisdictional allegations. The circuit court determined the issue adversely to petitioner. Because petitioner stands on her pleading and asserts the evidence does not support the circuit court's decision to dismiss, refiling the petition would be a futile act. The order dismissing the petition without prejudice is therefore appealable. *Id.*

## II

■■■ The trial court's order dismissing the petition for want of subject matter jurisdiction was in error. A court should grant a motion to dismiss for lack of subject matter jurisdiction when "it appears" the court lacks such jurisdiction. Rule 55.-27(g)(3); *Parmer v. Bean,* 636 S.W.2d 691, 694 (Mo.App.1982). A circuit court lacks jurisdiction over the subject matter in an action for dissolution of marriage whenever it is unable to find "that one of the parties has been a resident of this state, or is a member of the armed services who has been stationed in this state, for ninety days next preceding" the action's commencement. § 452.305.1(1), RSMo.1978; see *Barth v. Barth,* 189 S.W.2d 451, 454 (Mo. App.1945). The verified petition in this case recites, "Petitioner is now and has been a permanent resident of the State of Missouri for at least ninety (90) days immediately preceding the filing of her Petitioner herein." Want of subject matter jurisdiction, therefore, does not appear on the petition's face. With his affidavit, respondent called petitioner's claim of residence into question. The record, however, clearly shows he failed to meet his burden of proving petitioner's claim was false.

In his affidavit respondent alleged petitioner had not lived in Missouri, paid Missouri state taxes, had a Missouri driver's license, or voted in a Missouri election at any time during the marriage. He further alleged that before he and petitioner separated, petitioner resided in Maryland, paid Maryland state taxes, and had a Maryland driver's license. Having thus raised a factual question going to the circuit court's jurisdiction, respondent was charged with the burden of proof. *Randall v. St. Albans Farms, Inc.,* 345 S.W.2d 220, 223 (Mo.1961). The quantum of proof he was required to produce is described in *Parmer v. Bean, supra:* "It must appear by a preponderance of the evidence that the court is without jurisdiction." 636 S.W.2d at 694.

■■■ The only proof respondent produced to support his claim that petitioner was not a Missouri resident was his affidavit. He did not appear and testify. The circuit court had no opportunity to assess his credibility. Petitioner contradicted the assertions in respondent's affidavit with an opposing affidavit that was also before the court. Petitioner's affidavit indicates petitioner was born and raised in Missouri, that she left Missouri only to enlist in the Air Force, that she never abandoned her Missouri domicile, and that her presence in other states has been pursuant to military

orders. The residence of one in military service generally remains unchanged though he or she may be stationed in the line of duty at a particular place even for a period of years. *Oliver v. Oliver*, 325 S.W.2d 33, 35 (Mo.App.1959). Only when actual physical presence in a new place and also a present intent to remain there, either permanently or for an indefinite time, without any fixed or certain purpose to return to the former place of abode coincide is a change of domicile effectuated. *State ex rel. King v. Walsh*, 484 S.W.2d 641, 645 (Mo.banc 1972). The facts set forth in respondent's affidavit, even if true, fall woefully short of establishing an intent on the part of petitioner to abandon her original domicile. Moreover, on the basis of nothing more than conflicting affidavits, it was improvident for the trial court to dismiss petitioner's petition which contained sworn-to facts establishing subject matter jurisdiction. Respondent's motion to dismiss the petition for lack of subject matter jurisdiction should therefore have been denied.

█ Just as a circuit court may adjudicate the marital status of parties to a dissolution of marriage action upon finding that one of the parties is a Missouri resident, so may it determine the custody of the parties' minor children upon finding it is in the children's best interest that custody be determined by a court of this state. § 452.-450.1(2). By the terms of § 452.450.1(2)(a) and (b), a finding of best interest is warranted if the child and his parents, or the child and at least one litigant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. Petitioner has pleaded she and her minor son have a significant connection with this state. Specifically, she alleges Missouri is her domicile and that her son has lived with her since his birth.[1] Petitioner has further pleaded there is substantial evidence concerning her son's future

care, protection, training, and personal relationships to be found in Missouri. Because the fact of petitioner's Missouri domicile is well-pleaded, and because nothing in respondent's motion or supporting affidavit contradicts petitioner's assertions about her son, it appears the circuit court has jurisdiction to determine the issue of child custody in this action.

The circuit court's order insofar as it dismisses petitioner's action for want of subject matter jurisdiction is reversed.

### III

█ The circuit court must have jurisdiction over the person of respondent to adjudicate a personal liability against him. *Ferrari v. Ferrari*, 585 S.W.2d 546, 547 (Mo.App.1979). Petitioner concedes respondent has not submitted himself to the jurisdiction of the courts of this state. The circuit court therefore correctly determined it had no power to grant petitioner's prayer for child and spousal support, attorney's fees, and costs. *See, Crouch v. Crouch*, 641 S.W.2d 86, 89 (Mo.banc 1982).

█ Because the circuit court lacks personal jurisdiction over respondent, its power to divide the parties' marital property extends only to marital property located in this state. *See In re Marriage of Breen*, 560 S.W.2d 358, 361 (Mo.App.1977). In the affidavit he submitted in support of his motion to dismiss, respondent averred neither he nor petitioner own any real or personal property in Missouri. Nothing in the record contradicts his averment. The circuit court therefore properly concluded it lacks jurisdiction to consider petitioner's prayer for marital property division.

The circuit court's order insofar as it determines jurisdiction is lacking over the person of respondent is affirmed.

Affirmed in part and reversed in part.

SMITH and SNYDER, JJ., concur.

---

1. When parents separate and establish different domiciles their child ordinarily takes the domicile of the parent with whom he or she actually lives. *Beckmann v. Beckmann,* 358 Mo. 1029, 218 S.W.2d 566, 569 (1949); *Matter of Jackson,* 592 S.W.2d 320, 321 (Mo.App.1979).