**Claudia Jean UPCHURCH, n/k/a Claudia Jean Currie–Harris, Plaintiff–Appellant,**

v.

**Randy Eric UPCHURCH, Defendant–Respondent.**

No. 55109.

Missouri Court of Appeals, Eastern District, Division Four.

April 11, 1989.

Timothy H. Battern, St. Louis, for plaintiff-appellant.

René E. Lusser, St. Louis, for defendant-respondent.

STEPHAN, Judge.

Claudia Jean Upchurch, n/k/a Claudia Jean Currie–Harris, appeals the judgment of the trial court dismissing her contempt action against respondent Randy Eric Upchurch, her former husband, for lack of personal jurisdiction. We affirm.

In 1983 appellant initiated a dissolution action against respondent in St. Louis County. Respondent, personally served by an Illinois sheriff in Illinois, did not appear and default was taken. The dissolution decree entered in early 1984 in St. Louis County awarded custody of the parties' minor child to appellant and ordered respondent pay child support.

In 1988 she filed a contempt action in St. Louis County against respondent for failure to pay child support. Respondent, again, was personally served in Illinois with notice of the show cause hearing. He appeared at the hearing on April 20, 1988. The court continued the matter to allow respondent to obtain counsel. Respondent secured counsel who filed a special entry of appearance and a motion to dismiss for lack of personal jurisdiction on May 6, 1988. He alleged that the court lacked jurisdiction to render a money judgment against him in the original dissolution proceeding because personal service was ob-

tained on him outside Missouri. The court sustained the motion to dismiss.

Appellant raises two points on appeal challenging the dismissal for lack of personal jurisdiction. Her first point contends that under the Uniform Child Custody Jurisdiction Act, §§ 452.440–452.550 RSMo 1986, the Missouri court granting the dissolution had jurisdiction to enter a child support order because Missouri is the child's home state and personal service was obtained outside Missouri, jurisdictional prerequisites under the Act. Her second point states that respondent waived any objection to personal jurisdiction in the dissolution action by his personal appearance at the contempt hearing on April 20, 1988. Neither point has merit.

Appellant argues that the jurisdictional prerequisite empowering the trial court to enter the child support order in the dissolution decree was satisfied under the Uniform Child Custody Jurisdiction Act. We disagree. The Act may well be the appropriate tool for appellant to secure child support from respondent. In *Edwards v. Edwards*, 709 S.W.2d 165 (Mo.App.1986), this Court held that child custody was properly adjudicated in a dissolution action where the petition invoked § 452.450.1(2) of the Uniform Child Custody Jurisdiction Act; however, where no personal jurisdiction over the spouse was obtained, the circuit court had no power to grant child support because jurisdiction over the person is required to adjudicate personal liability against him. 709 S.W.2d at 168. As the title indicates, the Act governs the issue of custody; and, although § 452.445 contemplates an order for child support incident to a custody determination, this case does not involve such a determination. See *Nocito v. Nocito*, 670 S.W.2d 181, n. 1 (Mo.App.1984). As in *Nocito*, nothing in the record before us reflects that appellant's petition for dissolution or the dissolution decree invoked the provisions of the Uniform Child Custody Jurisdiction Act.

Furthermore, nothing in the record presents any of the factors enumerated in Rule 54.06(a) or (b) which would afford personal jurisdiction over respondent, and,

therefore, the Missouri court had not obtained personal jurisdiction over the nonresident respondent by the purported service under Rule 54.06. *Thompson v. Thompson*, 657 S.W.2d 629, 631–32 (Mo. banc 1983); *Ferrari v. Ferrari*, 585 S.W.2d 546, 548 (Mo.App.1979). The trial court lacked jurisdiction to enter orders pertaining to maintenance, child support and custody. *Thompson*, 657 S.W.2d at 632; *Ferrari*, 585 S.W.2d at 548. Appellant's first point is denied.

Our determination that in 1984 the trial court lacked in personam jurisdiction over appellant and, thus, had no authority to enter its child support order in its decree of dissolution renders unnecessary any discussion of appellant's second point that appellant's initial appearance at the contempt hearing in 1988 waived any jurisdictional objection.

Judgment affirmed.

SMITH, P.J., and SATZ, J., concur.