**Ruth Eloise WOODS, Appellant,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, et al., Respondents.**

**No. WD 43754.**

Missouri Court of Appeals, Western District.

April 16, 1991.

Chris Jordan, Jefferson City, for appellant.

William L. Webster, Atty. Gen., James R. McAdams, Asst. Atty. Gen., Jefferson City, for respondents.

Before BERREY, P.J., and KENNEDY and ULRICH, JJ.

BERREY, Presiding Judge.

Ruth Eloise Woods appeals from an order of dismissal entered by the circuit court of Cole County on jurisdictional grounds. On appeal appellant raises four points: (1) that the trial court erred in its dismissal because it had proper jurisdiction under federal and state law; (2) that remand to the trial court is proper because that court lacked authority to consider any further grounds following the jurisdictional determination; (3) that remand is proper because this court may not consider any other grounds when dismissal is based upon jurisdiction; and (4) that the trial court erred in its dismissal because appellant presented valid federal and state claims. Reversed and remanded.

On October 19, 1989, appellant filed a petition against respondents in the circuit court of Cole County, alleging violations under Title VII (42 U.S.C. § 2000e), 42 U.S.C. §§ 1983 and 1985 and under § 213.055, RSMo 1986 and § 213.070, RSMo 1986. The gist of these claims was that she had been discriminated against on the basis of her sex. Appellant sued the

Missouri Department of Corrections; Dick Moore, Director of Department of Corrections; George Lombardi, Director of the Division of Adult Institutions; Carl White, Superintendent of Algoa Correctional Center; Urban Lock, Assistant Superintendent of Algoa; Cordell Vaught, Food Service Manager at Algoa; Sonja Davis, Robert Maue and Willard Dixon, all cooks at Algoa; Jerry Shepard, a correctional officer; James Clark, an investigator at Algoa; and Delmar Levan, former food service manager at Algoa. The individual respondents were named both in their individual and official capacities.

Appellant alleged that she was the first female cook at Algoa and she was discriminated against because of her sex. She alleged: that she did not receive complete training; she was provided conflicting lines of authority; that respondent Maue had stated that he would "do whatever it took to get rid of her"; that she was sexually harassed by an inmate; was given false instructions subjecting her to harassment by the inmates and physical endangerment; and that her complaints to supervisors resulted in a violation report being issued against her and a performance appraisal summary cited her with insubordination and failure to follow orders.

On November 22, 1989, respondent filed a motion to dismiss. The motion claimed: (1) the court lacked subject matter jurisdiction; (2) appellant's Title VII claims failed to state a claim upon which relief could be granted because appellant was still employed by the Department of Corrections; (3) appellant's 42 U.S.C. §§ 1983 and 1985 claims fail to state a claim upon which relief can be granted because Moore, Lombardi, White, Lock, Vaught, Davis, Clark and Levan are not "persons" under those statutes; (4) appellant's 42 U.S.C. § 1983 claim fails to state a claim in that those defendants who are persons under the statute failed to act under color of law; (5) appellant's §§ 1983 and 1985 claims against Moore, Lombardi, White, Lock, Vaught, Davis, Clark and Levan do not state a claim as they are protected by official immunity and qualified immunity; (6) appellant's §§ 1983 and 1985 claims fail to state a

claim as to the Department of Corrections as it is protected by sovereign immunity; (7) appellant's §§ 1983 and 1985 and various constitutional claims fail to allege a federal constitutional or statutory wrong; and (8) appellant failed to state a claim upon which relief can be granted under Missouri law either because of the inadequacy of the facts alleged or because certain defendants to not fall within the statutory language.

■ The trial court dismissed the cause "for lack of jurisdiction." Appellant is correct in her assertion that the court did indeed have jurisdiction to hear the Title VII claim and respondent agrees with this assertion. *See Yellow Freight System, Inc. v. Donnelly,* — U.S. —, 110 S.Ct. 1566, 108 L.Ed.2d 834 (April 17, 1990). Appellant contends that the cause must be remanded to the trial court for further consideration and that this court does not have the authority to consider the other grounds mentioned in the motion for dismissal. Respondent argues that the actual ground of dismissal is irrelevant if the other grounds mentioned could have been used to dismiss the petition.

■ Missouri case law would seem to support respondent's position. In *Spiking School District v. Purported "Enlarged School District",* 362 Mo. 848, 245 S.W.2d 13, 17 (banc 1952), the court stated "If the court properly dismissed the petition, it is of course immaterial on what ground the court acted or assigned as grounds therefor." Similarly, in *J.M. Morris Constr. Co. v. Mid–West Precote Co.,* 613 S.W.2d 180 (Mo.App.1981), this court, citing *Spiking,* affirmed the principles reiterated therein.

Both *Spiking* and *J.M. Morris Constr. Co.* deal with grounds for dismissal which are not jurisdictional in nature. The case before this court involves a jurisdictional issue; an issue different in nature than that of other grounds for dismissal. Jurisdiction is a threshold issue dealing primarily "with the right, power and authority of the court to act." *State ex rel. Marlo v. Hess,* 669 S.W.2d 291, 293 (Mo.App.1984).

In *Parmer v. Bean,* 636 S.W.2d 691 (Mo. App.1982), the court was confronted with an appeal from a summary judgment

granted on the grounds that the action was barred by Workmen's Compensation Law. The court treated the matter as a motion to dismiss for lack of subject matter jurisdiction. *Id.* at 696. The court stated:

We conclude that regardless of the manner in which the applicability of the Workmen's Compensation Law is raised as a defense to a common law cause of action, the trial judge must initially treat it as a motion to dismiss for lack of subject matter jurisdiction. Since this question is a factual one, it is to be left to the sound discretion of the trial judge. The movant will not be required to show by unassailable proof that there is no material issue of fact because the trial judge decides only the preliminary question of his own jurisdiction, which is not a decision on the merits and is without res judicata effect.

*Id.* The court clearly refers to the concept of jurisdiction as preliminary, stressing the fact that a movant is not required to show that there is no material issue of fact to be decided by unassailable proof, recognizing that jurisdiction is, by its very nature, different from other reasons for dismissal. By dismissing on jurisdictional grounds the trial court does not have the opportunity to examine the other grounds.

In dismissing on other than jurisdictional grounds, the trial court may make findings of fact. The rule is *Spiking* permits us to delve into the facts after consideration by the trial court. For us to make our own findings before the trial court has had a chance to consider the facts would be inconsistent with our function as an appellate court. It is more properly the job of the court of first impression to consider the facts which, in the instant case, were not considered because of the trial court's erroneous dismissal on jurisdictional grounds.

Therefore, the judgment of the court below is reversed and the cause remanded for further consideration.

All concur.