**Sherry M. (Nicks) ROY, Respondent,**

v.

**James Alvin NICKS, Appellant,**

**Director, Division of Child Support Enforcement, Respondent.**

No. 25465.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 28, 2004.

Wayne Gifford, Waynesville, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Trevor Bossert, Office of Atty. Gen., Jefferson City, for respondents.

KENNETH W. SHRUM, Judge.

The Director of the Division of Child Support Enforcement ("DCSE") entered an administrative order that modified the child support obligation of James Nicks ("Father"). Father petitioned the circuit court for review of the DCSE's order. His review petition included counts that sought relief other than review of the DCSE's order. One count sought a declaration

that the child support order in his original divorce decree was void *ab initio* because the divorce court did not have *in personam* jurisdiction over him. In another count, Father asked for return of all child support money paid by him. The court dismissed Father's petition, and he filed this appeal. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On November 12, 1987, Sherry Nicks ("Mother") sued Father in the circuit court of Pulaski County, Missouri, for dissolution of their marriage. Her petition included a request that custody of the parties' two children be placed with her and that she be awarded child support. A summons to appear and a copy of the petition were served, via registered mail, on Father in Greensburg, Pennsylvania. On January 25, 1988, the Pulaski County court entered a judgment that dissolved the marriage between Mother and Father, granted Mother custody of the children, and ordered Father to pay $400 per month as child support. Father did not appear in this proceeding, nor did he challenge the trial court's assumption of personal jurisdiction, nor did he appeal the dissolution judgment.

Over the years, Mother and DCSE sought to collect the child support owed by Father through administrative orders and intercepting Father's tax refunds. In 2002, at Mother's request, the DCSE filed a motion for modification of child support, alleging that Father should pay $517 per month. At Father's request, an administrative hearing was conducted wherein he appeared to contest the modification amount. The hearing officer eventually modified the child support to $369 per month.

Father then filed a three-count petition in the Pulaski County circuit court. His first count was entitled "set aside part of judgment of dissolution." In that count, Father alleged that the 1988 child support award in the dissolution decree was void because he was not properly served; thus, he argued the Pulaski County court did not obtain personal jurisdiction over him. Father premised his improper service argument on the fact that "the only service had on [him] was by mail and not by personal service." Count II of his petition sought judicial review of the administrative decision in relation to the modification of the child support amount. In Count III, Father asked that Mother and DCSE repay the $36,000 he paid in child support since the entry of the dissolution judgment. The trial court dismissed each count of Father's petition, whereon he appealed.

## DISCUSSION AND DECISION

We reproduce Father's sole point on appeal verbatim:

"The court erred in sustaining the Division of Child Support Enforcement's amended order in that neither the court in the original action, nor the administrative agency and the court thereafter had jurisdiction over the person of the appellant herein because appellant herein was originally served by registered mail and registered mail is not sufficient to confer *in personam* jurisdiction and the amended order specifically refers to the original order as the one that the agency is modifying."

As this court understands his point and argument, Father is challenging *only* the *adequacy of service* that gave him notice of the proceedings in the original dissolution action. Father points out he was not present in Missouri when served with Wife's 1987 Divorce petition and summons. He claims therefore, that service on him by registered mail was not adequate to sub-

ject him to a judgment *in personam,* i.e., a judgment for child support. To the contrary, Father argues *personal* service was required.

Father's argument fails, however, because it ignores relevant facts and provisions of law. Specifically, Father fails to recognize the significance of language in the 1987 dissolution petition and judgment which shows that the 1988 child custody determination was made pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA"), §§ 452.440 to 452.550, RSMo (1986).[1] For instance, Mother's 1987 Pulaski County divorce petition alleged that Missouri was the "home state" of the parties' children. The "home state" allegation bespeaks Mother's reliance on the UCCJA. This follows because the "home state" term is one statutorily defined in the UCCJA, specifically in section 452.445(4).[2] Moreover, Mother's petition contained other specific allegations concerning the children and their custody as required by section 452.480 of the UCCJA.[3] Since Father never appeared or otherwise answered Mother's petition, all child custody allegations in Mother's petition were admitted. Consequently, the dissolution

court properly relied upon those factual allegations in deciding the scope of its authority to make a "custody determination" under the UCCJA.

A "custody determination" under the UCCJA "means a court decision and court orders ... providing for the custody of a child, including visitation rights." § 452.445(1). Moreover, a "custody determination" under section 452.445(1) can include adjudication of child support under the circumstances that existed in this case. This follows because of language in section 452.445(1) and a relevant part of section 452.460. Specifically, section 452.445(1) provided that "the court shall have the right in any custody determination *where jurisdiction is had pursuant to section 452.460* and where it is in the best interest of the child *to adjudicate* the issue of *child support* [.]" (Emphasis added). The referenced statute (§ 452.460) provided:

"1. The notice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice, and may be given in any of the following ways:

" . . . .

---

**1.** The petition for dissolution was filed in 1987, Father was served that same year, and the judgment was entered in 1988. As such, we must utilize the version of the statutes in existence at that time in deciding Father's claim on appeal. All statutory references are to RSMo (1986), unless otherwise indicated.

**2.** In part, section 452.445(4) provided: " 'Home state' means the state in which, immediately preceding the filing of the custody proceeding, the child lived with his parents, a parent, an institution; or a person acting as parent, for at least six consecutive months; or in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned."

**3.** Section 452.480 provided, in pertinent part, as follows:

"1. In his first pleading ... every party in a custody proceeding shall give information ... as to the child's present address, with whom the child is presently living and with whom and where the child lived ... within the past six months. In this pleading ... every party shall further declare under oath whether:

"(1) He has participated in any capacity in any other litigation concerning the custody of the same child in this or any other state;

"(2) He has information of any custody proceeding concerning the child pending in a court of this or any other state; and

"(3) He knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child."

"(3) By certified or registered mail."

Supreme Court Rule 54.18 (1987) is also relevant in analyzing Father's argument. It provided that when "a statute contains provisions for a method of service, service may be made pursuant to the provisions of the statute or as provided by these Rules." [4]

Here, "the notice required for the exercise of jurisdiction over [Father] outside this state" was given in a manner authorized by section 452.460, i.e., "by certified or registered mail." The record also shows that the registered mail service on Father complied with other procedural rules. For instance, an affidavit was filed by Mother's attorney stating that Father could not be personally served in Missouri. *See* Rules 54.16 and 54.18. The clerk of the circuit court then mailed a summons and a copy of the petition to Father in Pennsylvania by registered mail. *See* §§ 452.460.1(3) and 452.490.2; Rules 54.16, 54.18, and 54.20(d). The return receipt card, *signed by Father*, was then filed with the circuit court. *See* § 452.460.2; Rules 54.16 and 54.20(d).

In sum, the dissolution court did not err when it implicitly found it had authority to order Father to pay child support, even though the only notice and service given Father was by registered mail. The service by registered mail was sufficient, and the legal file conclusively demonstrates that the requirements of such service were properly followed. As such, the child support order was not void as Father contends. Pursuant to section 452.495, Father was bound by the original dissolution judgment; consequently, his single point on appeal lacks merit.

In so holding we do not ignore *Upchurch v. Upchurch*, 767 S.W.2d 629 (Mo. App.1989). During oral argument, Husband claimed that *Upchurch* stands for the proposition that, despite sections 452.445(1) and 452.460.1(3), the trial court did not have authority to order child support as an incident of the custody determination when the only notice given Husband was via certified mail. We disagree. Husband's misinterpretation and misapplication of *Upchurch* is shown by this excerpt from that case:

> "As the title indicates, the Act governs the issue of custody; and although § 452.445 contemplates an order for child support incident to a custody determination, this case does not involve such a determination.... [*N*]*othing in the record before us reflects that appellant's petition for dissolution or the dissolution decree invoked the provisions of the [UCCJA ]*."

*Id.* at 630 (emphasis supplied) (citation omitted).

Thus, *Upchurch* recognized that if the UCCJA was implicated, a trial court had authority to enter a child support judgment against an out-of-state party provided a notice that met the criteria in section 452.460 was given to the absent party. The UCCJA notice provisions did not save the *Upchurch* child support judgment, however, because the party seeking child support did not invoke the UCCJA. Those are not the facts of this case. Here, Wife did invoke the UCCJA as explained earlier. Consequently, *Upchurch* provides no support for Husband's position. To the contrary, *Upchurch* supports the holding of this case.

We have also considered the other cases cited by Father in the argument section of his brief, but find them inapposite. Those cases stand for two general propositions: (1) personal jurisdiction over a parent must be obtained before a court can adju-

---

**4.** All rule references are to Supreme Court Rules (1987), unless stated differently.

dicate that parent's child support obligation, and (2) personal jurisdiction can only be acquired when service is made in accordance with state statutes or supreme court rules. None of the cases cited by Husband, however, address the question of whether a trial court has authority to enter a child support judgment against an out-of-state party who was given notice of a child support/custody determination suit via one of the methods prescribed in section 452.460.

In sum, Father's cases do not support his position because none recites facts indicating that the party seeking child support had invoked the UCCJA. In contrast, here the UCCJA was implicated and Father was served in a manner that met the section 452.460 notice requirement for exercising jurisdiction over him in a section 452.445.1 "custody determination." As earlier noted, Rule 54.18 authorized a section 452.460 manner of service by providing that when "a statute contains provisions for a method of service, service may be made pursuant to the provisions of the statute or as provided by these Rules." Since Wife used a method of "notice required for the exercise of jurisdiction over a person outside this state" as permitted

by section 452.460, the trial court had authority to adjudicate the child support issue.[5] Point denied.

The judgment of the trial court is affirmed.

PARRISH, J., and RAHMEYER, C.J.-P.J., concur.

---

**5.** This opinion should not be read as holding or suggesting that giving notice in a manner sanctioned by section 452.460, standing alone, is sufficient to subject an out-of-state defendant in a dissolution case to a judgment *in personam*. In addition to notice, "due process requires ... that in order to subject a defendant to a judgment in personam, if he be not present within the ... forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940). Stated differently, personal jurisdiction will depend "upon the presence of reasonable notice to the defendant that an action has been brought and a sufficient connection between the defendant and the forum as to make it fair to require defense of the action in the forum." *State ex rel. Sperandio v. Clymer*, 581 S.W.2d 377, 381[1] (Mo.banc 1979) (citing *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)). Here, Husband only attacked the notice as being insufficient. Nothing in Husband's point relied on, nor in his argument, nor in the record suggests that the minimum contacts standard was not met in this case. Since Husband has neither claimed, nor furnished a record from which we could determine, that at the time of his dissolution Husband's contacts with Missouri did not meet constitutionally-mandated minimum contact requirements, this opinion is confined to one issue, that is, sufficiency of the notice by registered mail to subject Husband to a judgment *in personam*.