In re the MARRIAGE of Werner A. SCHAFER and Carol A. Schafer.

Werner A. SCHAFER, Petitioner–Appellant,

v.

Carol A. SCHAFER, Respondent.

No. WD 31222.

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Rehearing Denied Dec. 2, 1980.

Bruce A. Bailey, Warrensburg, for petitioner–appellant.

C. Michael Fitzgerald, C. B. Fitzgerald, Warrensburg, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Werner Schafer sought a dissolution of his marriage to Carol Schafer. The court dissolved the marriage; granted Carol custody of their 13 year old daughter; $150 per month child support; $100 per month maintenance and $500 attorney fees. The court approved a division of marital property arrived at by the parties.

Werner has appealed only from that part of the judgment allowing Carol $100 per month maintenance. He contends the court improperly set the amount of maintenance prior to a division of the marital property and the maintenance award is improper because Carol is given sufficient property to provide for her needs; she is capable of supporting herself through her employment; and she failed to show that her physical condition would prevent her from being self–supporting in the future. Affirmed.

Werner is 43 years of age and had been married to Carol for about 15 years. They lived on a 121 acre farm on which he conducts a haying operation. He is also employed at Western Electric in Lee's Summit at a salary of about $20,000 per year. In addition, Werner has a boat repair and storage business, which in 1978, according to his tax return, yielded a net of $2600. His tax return showed a loss on the farm operation of $2400 on a gross income of $3300.

Carol testified that she was 37 years of age and not employed outside the home. She had a master's degree in physical education and had worked three years at Central Missouri State University as a replacement for a teacher on leave. After that employment she had taken a few hours work in geology. She stated she had not been able to find a physical education job because she lacked the coaching experience schools desire in a Phys. Ed. teacher. Carol produced a letter from a physician in Kansas City which was introduced in evidence without objection. The physician stated Carol had suffered from chronic rheumatoid arthritis for about 10 years. He said her biggest problem had been hand and wrist arthritis with deformity and weakness in both hands. She had operations on both hands and on her feet for hammer toes. He stated her hand grip is approximately one–

half of normal and she has some disjointed fingers. He stated she may require further surgical procedures on her feet and would require regular follow–up visits at his office every three to six months. He stated a complication of her cortisone therapy was a thinning of the bones. She had suffered multiple compression fractures of the spine and ribs about nine years prior to the dissolution in connection with a skiing accident. He concluded by stating the deformities to her hands were obvious.

At the conclusion of the evidence, the parties had not agreed on a division of the marital property. The court informally advised the attorneys and the parties at that time that he calculated the value of the marital property to be about $200,000 and thought such property should be divided equally, and if the parties could not agree on the division, he would order the property sold since the farm could not be divided in kind. He also indicated he thought in view of Carol's physical condition he would allow her $100 per month maintenance.

The court dissolved the marriage and granted custody of the child, with $150 per month child support, to Carol. The remaining issues were taken under advisement. Thereafter, the parties appeared and presented an agreement for the division of the marital property. Under that agreement Carol was to receive an automobile with a value of $5,000; Series E Bonds valued at $2,700; a $5,000 indebtedness from Carol's brother–in–law resulting from a loan made by Werner which was not evidenced by any writing; $20,000 in cash and a note from Werner in the amount of $57,781, with interest at 9%, payable over 20 years. This aggregated approximately $90,000.

Werner was to receive the farm valued at $113,150; cattle valued at $10,300; farm equipment of $3,500; various vehicles and motorcycles valued at $9,000; Series E Bonds of $700; household goods of $10,000 and a certificate of deposit of $10,000. This totaled about $156,000, and subtracting the value of his promissory note to Carol, left Werner property valued at about $99,000.

■ Werner contends the court improperly allowed Carol maintenance prior to any division of the marital property. This contention is not borne out by the record. The court informally calculated the value of the marital property and indicated his thought as to its division and maintenance for Carol. However, this was not binding and the court actually took the matter under advisement until it later entered a formal judgment. The decretal portion of the judgment, by which the court approved the division of the marital property and awarded maintenance, controls. *Hull v. Hull*, 591 S.W.2d 376, 383[15] (Mo.App.1979). The record does not show any improper sequence in entering the judgment.

■ Werner next complains the $100 per month maintenance was error because Carol received sufficient property to support her; she is able to be self–supporting through employment; and her physical condition was not shown to prevent such employment.

"To warrant reversal or revision on appeal, the amount of maintenance granted must be patently unwarranted or wholly beyond the means of the spouse thereby obligated to pay." *Hull, supra,* at 383[14]. In addition, the trial court has considerable discretion in the granting of maintenance. Here the trial court noted Carol's physical condition which is undisputed. It is apparent the court considered the factors listed in § 452.335, RSMo 1978, in arriving at the decision to award Carol $100 per month maintenance. In view of all of the evidence, this court is unable to say that such award is patently unwarranted or wholly beyond the means of Werner to pay. Nor does this court find an abuse of discretion in making such award. The evidence showed that while Carol is not disabled from attaining any employment, she does have hands which are deformed and weakened by rheumatoid arthritis and she will have to continue medical supervision indefinitely. In addition, there is the real possibility of further surgery.

Although Werner argues that Carol is able to get a job and support herself, the evidence shows a difficulty in obtaining employment because of Carol's lack of coaching experience. She testified her monthly needs for herself and her daughter were about $1,000 per month. Deducting the child support of $150 leaves $850 in monthly needs unmet. Her income from Werner's note is $520 [1] per month, leaving about $300 per month. While her income from the cash and bonds would perhaps make up much of the deficit, as pointed out in *Hull* at 382[13] this does not take account of income taxes or reduction of invested principal to meet non–budgeted items.

The court considered all of the evidence and relevant factors in making the award of maintenance and this court is unable to say that the court abused its discretion in the award it made.

The judgment is affirmed.

All concur.

---

1. This includes principal and interest.