In re the MARRIAGE OF Waneta Rose
BUTHOD and Marvin Victor
Buthod.

Waneta Rose BUTHOD,
Petitioner-Respondent,

v.

Marvin Victor BUTHOD,
Respondent-Appellant.

No. WD 32148.

Missouri Court of Appeals,
Western District.

Sept. 15, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 20, 1981.

---

William A. Seibel, Jefferson City, for respondent-appellant.

Ronald J. Prenger, Jefferson City, for petitioner-respondent.

Before PRITCHARD, P.J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Marvin Buthod appeals from the judgment dividing marital property in connection with the dissolution of his marriage with Waneta Buthod. The court ordered the real estate owned by the parties to be vested in them as tenants in common with such property to be sold when the youngest child attained majority, married or became emancipated, and provided for the division of the proceeds of the sale. The judgment also awarded custody of the four minor children to Waneta and awarded her child support, maintenance and attorney fees. The only points which require an opinion are those relating to the division of the marital real estate and the propriety of the entry of the judgment. Reversed in part and remanded.

The parties were married in 1958 and separated in 1977. There were four children under the age of twenty-one at home at the time this cause came on for trial in 1978. The parties owned a home located on three and one-half acres which was marital property. Waneta valued the home at $30,000 and Marvin valued it at $35,000. It was subject to a purchase money mortgage of about $9,200 and the monthly payment of principal and interest was $60.

At the conclusion of the trial, the court informally gave his views of the case in which he stated that he felt the property should be divided equally, but that Waneta should be allowed to remain in the home until the youngest child attained his majority, was married or became emancipated. The court indicated that Waneta should be allowed a credit for the reasonable repair and maintenance expenses which she paid. The court further indicated she should receive a credit for all sums which she paid on the principal and interest payments and taxes. The court indicated that Marvin should pay child support and maintenance.

Apparently there was considerable disagreement between counsel as to the form of the judgment entry with the result that a formal judgment was not entered until July, 1980.

Marvin first contends that the judgment, as entered, differed considerably from the statements made by the court following the hearing which resulted in two inconsistent judgments. The comments made by the court following the hearing amounted only to informal observations by the court and did not constitute a judgment. The only judgment entered in this case was the formal judgment of July, 1980, and it is the decretal portion of that judgment which controls the disposition of this case. *In Re Marriage of Schafer*, 609 S.W.2d 198, 200 (Mo.App.1980). Since the informal comments made by the court did not constitute a judgment, the court did not enter two judgments, but only entered the one in July, 1980.

Marvin next contends the court made an inequitable division of the real estate. In the judgment the court ordered that Waneta would have the right to reside in the home until the youngest son attained the age of majority, was married or became emancipated. At that time the court ordered the home sold and the proceeds remaining after the expenses of sale to be divided as follows: (1) The purchase money mortgage to be paid. (2) Waneta would receive one-half of the net proceeds, plus a credit for all sums paid for the reasonable expenses of repairs and maintenance of the residence and for all mortgage payments, real estate taxes and homeowner's insurance. (3) Marvin would receive the balance. The court declared each of the parties to be tenants in common in the real estate.

In *Corder v. Corder*, 546 S.W.2d 798, 804[6] (Mo.App.1977) this court held that by § 452.330, RSMo 1978, the legislature has mandated that the court must decree a division of the marital property upon dissolution of a marriage. *Corder* specifically disapproved a division which included making the parties tenants in common in marital real estate. Section 452.330 provides that the court shall divide the marital property after considering all relevant factors, which includes the desirability of awarding the family home or the right to live therein to the spouse having custody of any children. The holding in *Corder* applies in this case that the court must divide the marital property even though it is desirable to allow the spouse having custody of the children to live in the real estate which has been divided. All of the evils accruing from persons who have been formerly married remaining as tenants in common in real estate described in *Corder* apply in this case. For that reason the court should not have declared the parties here to be tenants in common in the real estate, but should have divided the same. Further, the court made it clear that it intended to divide the real estate equally and Waneta, in her brief, acknowledges that the object sought to be attained in the judgment was an equal division. However, awarding Waneta one-half of the net proceeds and giving her full credit for sums expended and then giving the remainder to Marvin does not result in an equal division.[1] Equal division would result only if the expenses of sale were deducted and then those sums paid by Waneta for which she is to receive credit are deducted and the balance divided equally between the parties.[2] It should be further observed that the judgment does not require Waneta to make the payments on the mortgage.

Marvin complains of that part of the judgment which ordered him to pay necessary medical expenses for Waneta until she became covered under Medicare and Medicaid. However, this point is moot because Waneta became covered by such insurance without incurring any expenses which Marvin was required to pay.

Marvin also complains of that part of the judgment which required him to pay $100 per month to Waneta for maintenance and to pay $680 as her attorney fees. The judgment in these respects is supported by substantial evidence and is not against the weight of the evidence. An opinion on these items would have no precedential value. Rule 84.16. The judgment in these respects is affirmed. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

That part of the judgment pertaining to the disposition of the real estate is reversed. This cause is remanded and the court is directed to enter a new judgment disposing of the real estate which shall include the following provisions: (1) The real estate is ordered to be sold when the youngest child born of the marriage who is then living attains the age of majority, becomes married or emancipated, or upon Waneta ceasing to live in the house prior to that time. (2) The title to such real estate is vested in Waneta Rose Buthod subject to the liens and conditions herein contained, and she is granted the privilege of living in the home located on such real estate. (3) Waneta Rose Buthod shall make all payments of principal and interest on the purchase money mortgage which is a lien on the real estate, or on her default, Marvin shall have

---

1. This can be illustrated by the following example: Assume the property is sold and after expenses of sale there is $45,000. Assume the balance on the mortgage is $5,000 and that Waneta has paid $9,000 in taxes, repairs and other allowable expenses. Waneta would receive one-half of the $40,000 remaining after payment of the mortgage, plus a credit of $9,000, or a total of $29,000. Subtracting the $29,000 from the $40,000 leaves a balance of $11,000 for Marvin, thus, exclusive of reimbursement, Waneta would receive $20,000 and Marvin $11,000.

2. Although this is slightly different from the method the court in *Goforth v. Ellis*, 300 S.W.2d 379, 384[10, 11] (Mo.,1957) directed the trial court to utilize in dividing the proceeds of a sale, the result is the same. Assume the figures in n. 1, the $5,000 mortgage plus the $9,000 in expenses paid by Waneta, would be deducted from the $45,000, leaving a balance of $31,000. Dividing that amount equally results in each party receiving $15,500.

the right to make such payments. (4) Upon the sale of the real estate, there shall be deducted from the proceeds: (a) the costs of the sale; (b) the balance due on the purchase money mortgage; (c) the total of all sums which Waneta or Marvin has paid on the principal and interest on the purchase money mortgage, real estate taxes, reasonable expenses of repair and maintenance to the house located on the real estate, and homeowner's insurance, which total shall be paid to the person making such payments; (d) the balance remaining shall be divided equally between Waneta Buthod and Marvin Buthod. (5) The judgment shall declare a lien on the real estate, subject only to the purchase money mortgage, in favor of Marvin Buthod to continue until the real estate is sold to secure his interest in the sale proceeds after all authorized expenditures have been deducted.

The judgment in all other respects is affirmed. Waneta's motion for damages for frivolous appeal is denied. The costs on this appeal shall be divided equally between the parties.

All concur.