**In re the Marriage of Guy Eddie NOWELS, Respondent,**

v.

**Lynn NOWELS, Appellant.**

No. 43336.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 1, 1982.

Motion for Rehearing and/or Transfer Denied July 16, 1982.

Application to Transfer Denied Sept. 13, 1982.

Love, Lacks, McMahon & Schwarz by Daniel P. Card, II, and David B. Lacks, St. Louis, for appellant.

Donald L. Schmidt, Ferguson, for respondent.

SATZ, Judge.

This is a dissolution of marriage case. The trial court awarded the custody of the parties' two minor children to the husband, required the wife to pay child support, refused to award the wife attorney's fees and divided the marital property, in part, by awarding the family home to the husband. The wife appeals. She asserts the trial court abused its discretion. We find the court abused its discretion in its division of

marital property. We find no other abuse of discretion. We reverse and remand the judgment for reexamination of the division of marital property. We affirm the judgment in all other respects.

At the outset, the wife contends she should have been granted a new trial because of attorney misconduct. We disagree.

This cause was initiated by a joint petition for dissolution. In their joint petition, the husband and wife requested the court to award the custody of their two minor children to the husband and to award the family home to the husband. Mr. Donald Schmidt represented the husband and wife. Subsequently, the wife withdrew as a co-petitioner, employed her own counsel and filed a cross-bill for dissolution in which she requested that she be granted custody of the children and that her husband be ordered to pay child support. Mr. Schmidt withdrew as the wife's counsel but continued to represent the husband. At trial, the statements in the joint petition apparently were offered and admitted as judicial admissions by the wife that the custody of the children and the family home should be awarded to the husband. The wife contends these admissions resulted from Mr. Schmidt representing both husband and wife rather than representing the wife alone and advising her the joint petition could be used as a judicial admission. Mr. Schmidt's representation of both parties was unethical, the wife contends, and, therefore, she reasons, his unethical conduct of representing both parties prejudiced her. She seeks a new trial based on this alleged prejudice.[1]

What the wife really urges is a Miranda warning for dissolution cases. Since she was not warned of the consequences of her signing the joint petition, she urges the petition should not be used against her. We see no reason in law or logic for this exclusionary rule in this case.[2] The wife's

---

1. At trial, the wife made no objection or assertion that Mr. Schmidt's joint representation prejudiced her. On appeal, she raises this issue as plain error.

2. The wife has cited no cases to support her contention. Our research has disclosed no case

statements in the joint petition were true and accurate reflections of her intentions regarding child custody and the family home. These statements, therefore, were probative and relevant and, thus, as part of her abandoned pleadings, were properly admitted as admissions by her. *E.g., Jimenez v. Broadway Motors, Inc.*, 445 S.W.2d 315, 317 (Mo.1969). The wife does not and cannot contest the validity and value of these statements, and the search for truth in this case is not aided by requiring Mr. Schmidt's conduct to vitiate the validity and value of these statements. If Mr. Schmidt's conduct is unethical or otherwise actionable, and we do not intend to intimate it is, then relief for his conduct should not be had here but should be sought in another or different forum at another and different time.

The wife next contends the trial court erred in awarding custody of the minor children to the husband. The children are two boys who were 7 and 9 years old at the time of trial. The wife relies on the "tender years presumption;" i.e., all other factors being equal, the mother is presumed to be a better custodian than the father for children of tender years. The wife's reliance on this "presumption" is misplaced.

■ In this court tried case, there is substantial evidence to support the award of custody. *E.g., In re Marriage of Hayden*, 588 S.W.2d 165, 167 (Mo.App.1979); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Without detailing the evidence, the record shows the boys were with the husband since the parties separated in 1978, the boys were healthy, happy, had a good relationship with the husband and the husband was a concerned and loving father. The juvenile officer assigned to do the child custody study recommended, without objection, that the children remain in the custody of the husband.

■ Admittedly, the boys are of "tender" years. But whether the "tender years presumption" is a legal presumption, *e.g., N. J. W. v. W. E. W.*, 584 S.W.2d 148, 150 (Mo. App.1979) or an inference of fact based upon perceived human nature, *e.g., McCallister v. McCallister*, 455 S.W.2d 31, 34 (Mo. App.1970), it is not a conclusive presumption or inference, *e.g., In re Marriage of Barr*, 579 S.W.2d 833, 835 (Mo.App.1979). That is particularly important here. Both the wife and the husband work outside the home and, thus, they would be equally absent from the home. Therefore, the wife would have no more part in training, nurturing and helping in the boys' development than the husband, and, if everything else is equal, the wife should have no better claim to child custody than the husband. *In re Marriage of Estelle*, 592 S.W.2d 277, 278 (Mo.App.1979); *Randle v. Randle*, 560 S.W.2d 876, 879 (Mo.App.1977) (custody modification). Given the present record, we do not find the best interests of the children would be served by a different disposition of their custody, *e.g., Johnson v. Johnson*, 526 S.W.2d 33, 36–37 (Mo.App. 1975).

The wife next challenges the trial court's order that she pay fifty dollars ($50.00) per month per child as and for child support. She contends the husband has the primary obligation to support the children, and she argues the evidence shows she lacks the ability to pay the support as ordered. We disagree.

■ While it is true that the husband has the primary obligation for child support, see § 452.340(1) RSMo 1978; *see Brueggemann v. Brueggemann*, 551 S.W.2d 853, 859 (Mo.App.1977), the wife can still be called upon to provide this support. § 452.-340 RSMo 1978; *cf. Roberts v. Roberts*, 553 S.W.2d 305, 306 (Mo.App.1977). The wife claims the evidence shows her lack of ability to pay the support ordered here. Our review of the record discloses otherwise. The record shows the wife earned a gross salary of $814.00 per month and her income and expense statement shows her monthly expenses to be $524.97. At trial, she testified that her phone bill and automobile expenses had increased from the time she submitted her income and expense statement. She did not state the amount of the

directly in point or any case sufficiently analogous to be meaningful.

increase. In her brief, she claims some $780.00 per month in expenses, but there is no evidence to support that figure. The husband's monthly expenses exceeded his monthly net earnings. Given the evidence before it, we cannot say the trial court abused its discretion in ordering the wife to pay the noted child support. *See Larison v. Larison*, 524 S.W.2d 159, 161 (Mo.App.1975).

The wife also claims the trial court erred in refusing to award her attorney's fees. She contends her husband has greater financial resources than she and she lacks sufficient resources to pay her attorney's fees. We disagree.

■■■ Attorney's fees may be awarded by the trial court "after considering all relevant factors." § 452.355 RSMo 1978. "The award is discretionary and reviewable only for abuse." *McKenna v. McKenna*, 607 S.W.2d 464, 466 (Mo.App.1980). Certainly, the wife's need for attorney's fees is a factor to be considered in the award, *see Hahn v. Hahn*, 569 S.W.2d 775, 778 (Mo. App.1978). However, the evidence of the wife's income and expenses, as previously noted, does not show her need for attorney's fees. The court did not abuse its discretion in refusing to award the wife attorney's fees.

■■■ Finally, the wife challenges the trial court's division of the marital property. The major item of marital property was the family home. The trial court awarded the family home to the husband subject to a judgment for $15,000.00 in favor of the wife.[3] The judgment was to constitute a lien on the home. The judgment was not to be enforceable until both children reached the age of 21 years, or until the husband remarried or he wished to sell the home. The wife does not complain about the amount of the judgment. She does contend, however, that it was inequitable to delay the enforceability of her fixed dollar judgment. Her interest, she argues, will be significantly diminished and eroded by inflation. We agree.

In the past, this Court has been faced with a similar division of marital property in which one spouse was awarded a fixed sum payable upon the sale of the family home. *Klinge v. Klinge*, 554 S.W.2d 474, 477 (Mo.App.1977); *Ortmann v. Ortmann*, 547 S.W.2d 226, 230 (Mo.App.1977). In *Klinge*, we stated: L.C. 477

"... inflationary trends make unfair a fixed sum payment to the husband on the future sale of the residence. Rather, we believe that the husband should participate in a percentage of the net proceeds of the sale of the residence under the terms of the trial court's award after payment of proper charges and expenses of sale—the method prescribed in *Ortmann*."

We modified the trial courts' decrees in *Klinge* and *Ortmann* to secure payment of a percentage of the net proceeds of the sale of the family home rather than securing payment of a fixed sum. The present decree can be modified in the same manner. The value of the family home was approximately $40,000.00. The house was encumbered with a $10,000.00 mortgage and, thus, the equity in the home was $30,000.00. The wife's award was $15,000.00 constituting one-half of the value of this equity. Upon the eventual resale of the home, her percentage participation in the proceeds should be in the same equal proportion. The husband, however, need not be forced to sell the home. He can be given the option either to sell the home and pay the wife her share from the net proceeds or pay the wife an equivalent sum from a validly established sales price.

Accordingly, that part of the decree pertaining to the disposition of the family home should be modified to include the following provisions which were recently suggested by our brethren in the Western District in a similar situation in *In re Marriage of Buthod*, 624 S.W.2d 119, 121 (Mo.

---

**3.** The trial court awarded the family home to the husband "as his separate property." There is nothing in the record which indicates this to mean the home was not marital property. We interpret the trial court's award as vesting title to the family home in the husband as part of the distribution of marital property.

App.1981). The provisions are: (1) The sale, or the establishment of a valid sales price, is to be made upon the occurrence of any of the conditions designated in the trial court's existing decree; (2) The title to the family home is vested in the husband subject to the liens and conditions herein contained and he is granted the privilege of living in the family home; (3) The husband shall make all payments on the present mortgage, as well as taxes, insurance, and maintenance of the property or on his default, the wife shall have the right to make such payments; (4) Upon the sale of the family home, or the establishment of a valid sales price, there shall be deducted from the proceeds (or the sales price): (a) the costs of the sale, or the cost of establishing a valid sales price; (b) the balance due on the present mortgage; (c) the total of all sums which husband or wife has paid on the mortgage, taxes, insurance and maintenance on the property, which total shall be paid to the person making such payments; (d) the balance remaining shall be divided equally between the husband and wife. (5) The judgment shall declare a lien on the home, subject only to the present mortgage, in favor of the wife to secure her interest in the proceeds, and this lien is to continue until either the real estate is sold or the wife is paid her proportional interest in the established sales price after the expenditures authorized above have been deducted. *See In re Marriage of Buthod,* 624 S.W.2d 119, 121–122 (Mo.App.1981); *See also Hebron v. Hebron,* 566 S.W.2d 829, 834 (Mo. App.1978); *Pederson v. Pederson,* 599 S.W.2d 51, 53 (Mo.App.1980).

Since the wife's award is dependent upon a sale or, at least, the establishment of a valid sales price, the decree should provide for a sale or the establishment of a sales price upon a fixed occurrence. The present decree does not so provide. Under the present decree, the wife's $15,000.00 judgment and lien is not enforceable until both children reach 21, or until the husband remarries or wishes to sell the family home. The wife could force a sale of the home by foreclosing on her lien at the time one of the designated conditions occurred. However, the husband could avoid the foreclosure and, thus, the sale simply by satisfying the wife's judgment and extinguishing her lien. Since the wife's percentage participation will be a function of the sales price of the family home, the decree can be modified to provide for the sale of the home or the establishment of a valid sales price for the home at the time any of the designated conditions occur.

One other change should be made in the present decree. In addition to making the wife's award enforceable only upon the occurrence of the designated conditions, the decree also provides that if any one of these conditions occur, "[the wife] shall have the first right to purchase" the family home at a price established by independent appraisers. The exact meaning of the provision is unclear. It must create some right separate and independent from those rights the wife derives from her $15,000.00 judgment and lien. The husband can satisfy the judgment and extinguish the lien and, thus, the occurrence of any one of the designated conditions could not trigger a right derived from a non-existent judgment or lien. The provision may be an attempt by the court to require the husband to sell the family home on the occurrence of any one of the conditions and to create a right of first refusal in the wife. However, this requirement is neither explicit nor necessarily implicit in the decree. On reexamination, the court should explicitly and specifically define what interest or right is being created.

Judgment reversed and remanded for reexamination of the division of marital property consistent with the views expressed in this opinion. Judgment affirmed in all other respects.

SMITH, P. J., and PUDLOWSKI, J., concur.