Alison W. THOMPSON, Respondent,

v.

Craig K. THOMPSON, Appellant.

No. 64566.

Supreme Court of Missouri,
En Banc.

Sept. 20, 1983.

C. Ronald Baird, Springfield, for appellant.

David W. Ansley, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Lynn C. Rodgers, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for respondent.

RENDLEN, Chief Justice.

Craig Thompson, a resident of Texas, appeals the trial court's judgment modifying his Kentucky divorce decree. The central issue is whether the court acquired personal jurisdiction as to Craig Thompson under Missouri Rule of Civil Procedure 54.06(b), thus permitting modification of the Kentucky decree.

The parties were married in Georgia on October 14, 1966, where Craig was attending college, and thereafter Alison returned to Springfield, Missouri, where she had been living with her parents. Craig returned to his parents' home in Springfield for Thanksgiving and Christmas vacations but the couple did not live together during these intervals as their parents knew nothing of the marriage. After a visit by Craig on St. Patrick's Day, the parents discovered the marriage had occurred and a religious ceremony to bless the marriage was held in Springfield during May, 1967. The next day the couple left for Georgia where they lived while Craig completed school. Two years later they moved to Louisville, Kentucky, and maintained their home in that state until their divorce on July 1, 1975. During the marriage they returned on several occasions to visit their families in Missouri, but never established a home here. After filing for divorce in 1974, Alison, with the four children born of the marriage, moved to her parents' home in Cape Girardeau, Missouri and sometime later Craig moved to Texas.

Under the Kentucky dissolution decree, Alison received custody of the children and $400 per month child support. For some months she continued to live with her par-

ents in Cape Girardeau, then she and the children (as well as her parents) moved to the State of Louisiana. About one year before filing this action she and the family moved to Springfield and established residence there.

In 1979 Alison filed this action seeking modification of the Kentucky divorce decree [1] and praying for (1) enforcement of delinquent child support, (2) increase in monthly child support allowances, and (3) modification of Craig's visitation privileges. She relied on Rule 54.06(b) to acquire personal jurisdiction over Craig. While acknowledging the marriage took place in Georgia, she alleged they had been remarried in a ceremony in Missouri, "following which they lived in Missouri in lawful marriage." [2] Craig filed a motion to dismiss and an answer to the petition challenging the Missouri Courts *in personam* jurisdiction as to him.

The trial court concluded that Missouri had acquired personal jurisdiction over Craig by virtue of Missouri Rule of Civil Procedure 54.06(b), and proceeded to modify the Kentucky dissolution decree by: (1) increasing child support to $700 per month, (2) rendering judgment against Craig for delinquent child support, (3) modifying Craig's parental visitation privileges, and (4) awarding Alison attorney's fees.

The Missouri Court of Appeals, Southern District, reversed and remanded with directions to dismiss the cause of action for lack of personal jurisdiction over appellant. Although we transferred the case for further consideration and review it here as though on original appeal, we too reverse the judgment of the trial court and remand with instructions to the trial court to dismiss the cause of action for want of personal jurisdiction as to Craig Thompson.

■ It is well established that a tribunal must have jurisdiction over the person of the defendant in dissolution of marriage

---

1. We do not reach the question of the general authority of the Missouri Court to modify the decree of a sister State.

2. The couple was not remarried; instead the existing marriage was blessed in a religious ceremony.

proceedings to impose a general judgment *in personam In re Marriage of Breen,* 560 S.W.2d 358, 361 (Mo.App.1977), and lack of personal jurisdiction forestalls consideration of orders pertaining to maintenance, child support, and attorney's fees. *Gaffney v. Gaffney,* 528 S.W.2d 738, 742 (Mo. banc 1975). This is not to say that a court in a proper case is precluded from acquiring jurisdiction over the status of the marriage. *Washington v. Washington,* 486 S.W.2d 668, 670 (Mo.App.1972).

Rule 54.06(b), under which the trial court proceeded, states:

> Service sufficient to authorize a general judgment *in personam* may be obtained on any person, his executor, administrator or other legal representative, whether or not a citizen or resident of this state, *who has lived in lawful marriage within this state,* as to all civil actions for dissolution of marriage or for legal separation and in a divorce case *and* all obligations arising for maintenance of a spouse, support of any child of the marriage, attorneys fees, suit money, or disposition of marital property, *if the other party to the lawful marriage continues to live in this state.* (Emphasis added.)

Missouri courts have rejected attempts to render *in personam* judgments against non-residents where the requirements of Rule 54.06 have not been met. In *Ferrari v. Ferrari,* 585 S.W.2d 546 (Mo.App.1979) the husband and wife were married in New York and had last cohabited in Illinois. Upon separating, wife returned to New York and husband established residence in Missouri. In that case the Court of Appeals found that none of the factors enumerated in Rule 54.06(a) or (b), which would afford personal jurisdiction over the wife had been met. Neither party had "lived in lawful marriage within this state," and husband had established residency in Missouri only after the separation. *Id.* at 548. Hence, it was properly held the trial court lacked

jurisdiction to enter orders pertaining to maintenance, child support and custody.

Similarly, this Court recently held that *in personam* jurisdiction could not be acquired over a non-resident spouse where the record failed to demonstrate satisfaction of the Rule 54.06(b) requirement that the parties must have "lived in lawful marriage within this state." *Crouch v. Crouch,* 641 S.W.2d 86 (Mo. banc 1982).[3] In *Crouch* the parties visited relatives in West Plains, Missouri, and spent four days in Springfield after their Oklahoma wedding. The husband subsequently left for military assignment in Germany and his wife followed five months later. The couple returned to Missouri for family visits but never to "live" as required by the rule. After the parties had separated, the wife returned to Missouri to file her petition for dissolution. This Court held:

> Rule 54.06(b) mandates compliance with the minimum contacts test by requiring that one whom the state would subject to an *in personam* judgment for maintenance, support, attorney's fees, suit money, or disposition of marital property must have "lived in lawful marriage within this state." Nothing in the record suggests that that standard has been satisfied in this case. The most that can be said is that appellant visited Missouri on a number of occasions. Respondent argues that the four days that she and appellant spent in Springfield, where she was attending college, after their wedding are sufficient to allow the trial court to acquire personal jurisdiction over appellant. The record indicates, however, that at that time appellant had been transferred to Germany and could not have taken up residence in Missouri. His brief stay falls short of satisfying the jurisdictional prerequisite.

*Id.* at 89.

■ The dispositive facts of the case at bar are markedly similar. Alison and Craig were together in Missouri on several occasions during Craig's school vacations, but

---

**3.** The opinion in *Crouch* was handed down after the Court of Appeals filed its opinion in the case at bar.

only spent one night under the same roof after their marriage had been blessed and immediately returned to Georgia as had been their original intention. In light of our holding in *Crouch,* reliance on the present set of facts to establish that this couple had "lived in lawful marriage in Missouri" is misplaced. The trial court erred in finding this requirement of Rule 54.06(b) had been met.

■ Rule 54.06(b) further requires that, to support a general judgment *in personam* against an absent spouse, the petitioner must not only demonstrate the parties lived in lawful marriage within the state, but also that the petitioner ("the other party") has "continue[d] to live in this state." As we shall now discuss, the record discloses petitioner has also failed to satisfy this second requirement of the rule.

■ We are mindful that the decree of a trial court must be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously applies the law. *Murphy v. Carron* 536 S.W.2d 30 (Mo. banc. 1976). Under the facts presented here, the trial court's finding that Alison continued to live in this state after the marriage is not supported by competent and substantial evidence. The couple established residence in Georgia and later moved to Kentucky, where they separated. Only after the separation did Alison return to Missouri and even then the residency she established was not continuous. She moved to Louisiana, before returning to Springfield, Missouri, in 1978.

The language of Rule 54.06(b) requires that personal service and jurisdiction will obtain only if the spouse upon whom service is requested has lived in lawful marriage with the other in this state *and* the other party to the marriage (here the petitioner) continues to live within this state.

Missouri's rule is similar to the long-arm statute of our sister state, Kansas, which provides that, in order for jurisdiction to exist in marital relations cases: (1) both parties must have lived in a marital rela-

tionship within the state, and (2) one party must continue to live in the state. Kansas Stat.Ann. § 60–308(b)(8). The Kansas statute has been interpreted to permit acquisition of jurisdiction over an absent spouse for cases arising from a marital relationship only in situations where one spouse leaves the state in which the couple lived together in marriage, while the other spouse continues to reside there. *Varney v. Varney,* 222 Kan. 700, 567 P.2d 876, 878 (1977). Our rule is essentially the same.

■ The facts of this case demonstrate that petitioner failed to meet either of the requirements of Rule 54.06(b) to obtain personal service on respondent, hence the trial court was without personal jurisdiction as to Craig Thompson.

The judgment is reversed and the cause remanded with instructions to the trial court to dismiss for want of personal jurisdiction as to Craig Thompson.

GUNN, BLACKMAR and DONNELLY, JJ., LOWENSTEIN, Special Judge, and MORGAN, Senior Judge, concur.

BILLINGS, J., concurs in result.

WELLIVER and HIGGINS, JJ., not sitting.