**Judith NOCITO, n/k/a Judith Mayer, Respondent,**

v.

**Robert NOCITO, Appellant.**

No. 47256.

Missouri Court of Appeals, Eastern District, Division Four.

May 1, 1984.

Elaine Carlton Bachman, St. Louis, for appellant.

Michael A. Turken, St. Charles, for respondent.

STEPHAN, Judge.

This is an appeal by Robert Nocito from a judgment entered by the Circuit Court of St. Charles County, which modified the child support provisions of a decree of dissolution of marriage. Because we conclude that the trial court was without personal jurisdiction of appellant, we reverse and remand with instructions to dismiss the cause of action as to appellant.

In June 1974, the Superior Court of New Jersey issued a decree dissolving the marriage between Robert and Judith Nocito and awarding custody of the three infant children of the marriage to respondent here, Judith Nocito. In January 1975, the New Jersey court issued an order modifying provisions of the final judgment of divorce. The modification decree contained the following: 1) a stay of the husband's obligation to support the infant children so long as the wife continued to reside in Florida; and 2) an order that, if the wife and children return to New Jersey to establish residency, support would not be reinstated until a hearing is held to determine the husband's ability to pay support.

Subsequently, appellant established residency in California and respondent with her children moved to Missouri, where they continue to reside. In April 1983, the mother filed a motion to modify the decree of dissolution of marriage in the Circuit Court of St. Charles County, seeking an increase in child support. The motion was not filed under the Uniform Reciprocal Enforcement of Support Law, Chapter 454, RSMo 1978; nor did it invoke the provisions of the Uniform Child Custody Jurisdiction Act, § 452.440, RSMo 1978, et seq., as awarded.[1] A summons was served upon

---

1. In its order, the trial court stated that "it appears as if no other state would have jurisdiction under Section 452.450 and that this state is the most appropriate forum to determine the

modification..." This reference to a section of the "Uniform Child Custody Jurisdiction Act" is unavailing. As the title indicates, that Act governs the issue of custody; and, although § 452.-

the father by the sheriff of Los Angeles County. At the hearing, the trial court modified the amended decree of dissolution by setting child support at $32.00 per week per child and making it retroactive to the date the motion for modification was filed. The mother was also awarded attorney's fees.

Appellant argues on appeal that the trial court was without personal jurisdiction over him, so that its modification of the child support provisions in the dissolution decree and the awarding of attorney's fees is wholly void. We agree.

The Supreme Court held in *International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), that in addition to notice:

> due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' . . .

Rule 54.06(b) of the Missouri Rules of Civil Procedure spells out this standard with respect to financial obligations arising out of marriage, including child support. In *Crouch v. Crouch*, 641 S.W.2d 86, 89 (Mo. banc 1982), the court said: Rule 54.06(b) mandates compliance with the minimum contacts test by requiring that one whom the state would subject to an in personam judgment for maintenance, support, attorney's fees, suit money, or disposition of marital property must have lived in lawful marriage within this state. See also *Thompson v. Thompson*, 657 S.W.2d 629, 632 (Mo. banc 1983). In the instant case, the respondent did not establish a residence in Missouri until after her New Jersey divorce and subsequent residency in Florida. There is no indication in the record, or claim by respondent, that appellant had at

445, RSMo (Supp.1982), contemplates an order for child support incident to a custody determination, this case does not involve such a determination. Child custody, like the granting of a dissolution of marriage, has been recognized as an adjudication of status which may occur at

any time even visited the State of Missouri. The trial court lacked in personam jurisdiction over the husband necessary to adjudicate personal liability against him. *Ferrari v. Ferrari*, 585 S.W.2d 546, 548 (Mo. App.1979).

The judgment is reversed and cause remanded with instructions to the trial court to dismiss for want of personal jurisdiction as to appellant.

GAERTNER, P.J., and SMITH, J., concur.

the domicile of one party without there being any contacts between the nonresident spouse and the forum state. *Perry v. Ponder*, 604 S.W.2d 306, 314–316 (Tex.Civ.App.1980). It does not follow, however, that modification of child support alone may be so regarded.