Bonnie Lou WELKER, Appellant,

v.

Delmar Delano WELKER, Respondent.

No. 47866.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Sept. 25, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

Kenneth L. Waldron, Jackson, for appellant.

Walter S. Drusch, Jr., Lowes & Drusch, Cape Girardeau, for respondent.

GAERTNER, Judge.

Wife appeals from a judgment entered in the Circuit Court of Cape Girardeau granting husband's motion to dismiss her petition which sought to set aside an earlier decree rendered in the Circuit Court of Scott County dissolving their marriage. We affirm.

This action had its origins in the filing in Scott County on December 20, 1977, by husband and wife of a joint petition for dissolution of their marriage. The following month husband and their attorney appeared in Scott County Circuit Court. Wife did not appear. The Court took the matter as submitted on the pleadings and on January 26, 1978, granted a decree of dissolution and also ordered performance of a non-decretal, not-incorporated property settlement executed earlier by both husband and wife on December 17, 1977, and amended on January 24, 1978. On September 6, 1979, wife filed a petition to set aside the decree and property settlement alleging her mental incompetence and husband's failure to make a complete property disclosure and, alternatively, to modify the decree to transfer custody of the minor children to her. After extensive pretrial and a hearing in July 1982, the Scott County judge found against wife on all counts of her petition on December 2, 1982. Wife filed a timely motion to reopen the cause for additional evidence which the trial court denied on December 21, 1982. Wife did not appeal from the original decree of dissolution granted on January 21, 1978, nor from the orders entered on December 2 and 21, 1982. Instead, she filed a petition in the Circuit Court of Cape Girardeau on June 24, 1983, seeking to set aside the decree of dissolution rendered in Scott County and for additional relief. Wife appeals from the judgment entered in Cape Girardeau on October 11, 1983, granting husband's motion to dismiss her petition.

On appeal, wife attacks the following three findings by the trial court in Cape Girardeau: 1) the joint petition to dissolve her marriage was proper; 2) wife waived any objections to venue and jurisdiction in Scott County; and 3) issues concerning the property settlement, and misappropriation by husband of money and property owed wife were res judicata in Cape Girardeau, the same claims having been previously litigated in Scott County. We address these issues in order.

Our research has failed to disclose any Missouri cases addressing the propriety of joint petitions in dissolution actions. While no statutory reference explicitly allows joint petitions, it may be inferred that the General Assembly has authorized such a procedure in Section 452.320–1 RSMo, 1978 which provides:

*If both of the parties by petition or otherwise have stated under oath or affirmation that the marriage is irretrievably broken, or one of the parties has so stated and the other has not denied it, the court, after considering the aforesaid petition or statement, and after a hearing thereon shall make a finding whether or not the marriage is irretrievably broken ... (emphasis added).*

Such an inference flows from the words used by the legislature: the plural "parties" followed by the singular "petition." Both husband and wife acknowledge cases exist where joint petitions were utilized to initiate dissolution proceedings, *see e.g. Nowels v. Nowels,* 637 S.W.2d 163 (Mo.App. 1982); *Francois v. Francois,* 612 S.W.2d 794 (Mo.App.1981); and *Wilhoit v. Wilhoit,* 599 S.W.2d 74 (Mo.App.1980), although these cases are not dispositive since the propriety of the joint petition was neither challenged nor addressed. Additionally, an early analysis of Missouri's dissolution laws after passage of the Divorce Reform

Act, Chapter 452.300 et seq., RSMo Supp. 1973 commented that "[i]t will now be possible for a proceeding to be brought by both parties as *joint petitioners,*" "Dissolution of Marriage Under Missouri's New Divorce Law" 29 J.Mo.Bar 496, 499 (Nov.-Dec.1973) (emphasis added), and included a sample joint petition for dissolution of marriage. *Id.* at 529. We find no illegality from the use of the joint petition and no merit to wife's contention that its use was a nullity, voiding the entire proceedings in Scott County Circuit Court. We express no opinion regarding the advisibility of such procedure in a case involving child custody and distribution of property.

■ While not raised as a separate issue, wife argues as a subpoint that the dual representation of both husband and wife by a single attorney nullifies the validity of the joint petition. The joint petition was signed by one attorney from a law firm as "attorney's for petitioners." We agree that the better practice is that both parties be represented by separate counsel of record. However, if the attorney's conduct is unethical or otherwise actionable, and we do not intend to intimate it is, the relief for his conduct should not be had here but should be brought in another or different forum at another and different time. *Accord Nowels,* 637 S.W.2d at 165.

Wife's second issue claims error in the trial court's finding that the Circuit Court of Scott County had proper venue to adjudicate the dissolution of the parties' marriage, since both parties were residents of Cape Girardeau at the time the dissolution petition was filed. We find venue was proper in Scott County. The first paragraph of the joint petition states:

1. Petitioner, Delmar Delano Welker, and Petitioner, Bonnie Lou Welker, both are in and have been lifetime residents of the State of Missouri, presently residing in Cape Girardeau County, *but do herewith waive venue and consent to this proceeding in the Circuit Court of Scott County, Missouri.* (emphasis added)

Appended to the joint petition were affidavits signed by both husband and wife attesting to the petition's verity. Wife argues that, since she made no physical appearance in Scott County, the court lacked proper venue to grant the decree of dissolution. Despite her physical absence at the hearing, the petition itself supports the finding that she consented to the venue in Scott County.

■ This point is directly refuted by *Norman v. Norman,* 604 S.W.2d 680, 681–82 (Mo.App.1980) wherein the mere proceeding to trial without objection in a county of non-residence was held to be a consent to venue. There is no question that, since Scott County is empowered with jurisdiction over the subject matter of the action, jurisdiction over the person of any party may be conferred by consent. *Germanese v. Champlin,* 540 S.W.2d 109, 112 (Mo.App.1976). Parties may consent to jurisdiction of the person by appropriate entry of appearance or by undertaking to litigate in a court. *Thompson v. Thompson,* 645 S.W.2d 79, 82 (Mo.App.1982). Wife did so, thereby waiving any claim of improper jurisdiction or venue.

■ Wife's final point charges the trial court erred in finding that Counts II, III, and V of her petition in Cape Girardeau to set aside the Scott County dissolution decree concerning the property settlement were res judicata and that she was collaterally estopped from relitigating the property settlement. The trial court in Cape Girardeau held that Counts II and V of wife's petition were res judicata, those issues having been previously litigated in Scott County on her amended petition to set aside the dissolution decree, property settlement and property agreement. The court in Cape Girardeau further ruled that the issue of property omitted from the settlement agreement which wife raised in Count III was beyond its authority and that jurisdiction over that issue was proper only in Scott County. We agree.

As has already been described, wife filed a petition in Scott County to set aside the decree and property settlement in the disso-

lution of marriage case nineteen months after the original dissolution decree was granted, asserting the grounds of fraud in her husband's failure to make complete disclosure of property and of her mental incompetence at the time the decree was entered. That petition was heard, relief was denied, and a subsequent hearing was held on wife's motion to reopen the case for additional evidence. That motion was also denied, and no appeal was taken. Then wife filed this separate petition in equity, seeking, in effect to have one circuit court vacate or modify the judgment of another circuit court.

■ The petition in this case, although different in form, was, of course, between the same parties; it asserted the same claim; and sought the same relief. Material facts in issue in a former action and judicially determined are conclusively settled by the judgment and may not again be litigated between the same parties regardless of the form the issue may take in the subsequent action. *Seckel v. Seckel*, 659 S.W.2d 529, 531 (Mo.App.1983).

■ It is properly stated that a final judgment in divorce or dissolution of marriage does not divest a court of continued jurisdiction to modify that decree as to maintenance, support or custody. *Burchett v. Burchett*, 572 S.W.2d 494, 497 (Mo.App.1978). The jurisdiction retained by the court which renders a domestic relations decree is exclusive as to such matters. *Id.*

Judgment affirmed.

CRIST, P.J., and STEPHAN, J., concur.