**In re the Marriage of Lulu Mae HALE (Birden), Respondent,**

v.

**Thomas O. HALE, Appellant.**

**No. 56224.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 19, 1989.

James Willis, Farmington, for appellant.

Daniel Patrick Fall, Fredericktown, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant appeals from the trial court's order dismissing with prejudice his motion to modify the parties' divorce decree. Appellant's motion contained two separate counts. We reverse the trial court's dismissal of Count I and affirm the court's dismissal of Count II, remanding the case for further proceedings.

Appellant, Thomas O. Hale, and respondent, Lulu Mae Hale (Birden), were divorced by a decree of the Madison County Circuit Court on November 1, 1973. Respondent was awarded custody of the couple's two minor children, child support totalling thirty dollars ($30.00) per week, and attorney's fees. On March 4, 1976, the parties agreed to a modification of this decree whereby appellant's child support obligation was increased to a total of forty dollars ($40.00) per week. This agreement was approved by the Madison County Circuit Court. At this time, the children were three and twelve years old.

The record reveals that some time around 1978, both parties moved outside the State of Missouri and both remarried. Appellant now resides in Oklahoma, while respondent resides in Texas. Appellant contends that respondent took the children from the State of Missouri without prior notice to appellant.[1] Appellant apparently stopped paying his child support obligation. Respondent obtained an award in Oklahoma pursuant to the Uniform Reciprocal Enforcement of Support Act for past due child support on January 8, 1988. This award was for fifteen thousand dollars ($15,000.00) but was reduced to four thousand, one hundred dollars ($4,100.00) by an administrative hearing board to reflect Oklahoma's five year statute of limitations. Respondent has filed a petition in Oklahoma for judicial review of this administrative finding which is still pending.

In March of 1987, respondent voluntarily relinquished custody of the children to appellant. Appellant has had custody of both children ever since.[2] On April 8, 1988, appellant filed a motion for modification and/or disposition of child support in the Circuit Court of Madison County, Missouri. Count I of movant's motion sought the termination of appellant's current child support obligation and asked for two hundred dollars ($200.00) per month in child support from respondent. Count II of appellant's motion asserted that, based on the doctrines of unclean hands, estoppel, and waiver by acquiescence, the court should extinguish any and all past due arrearages in child support that appellant owed.

The trial court dismissed both counts of appellant's motion to modify. The court stated in its Amended Order of February 8, 1989, that since neither party was a Missouri resident, the court had no jurisdiction to entertain this action pursuant to Rule 54.06(b). The court further reasoned that it lacked authority under RSMo § 452.370.5 (1987 Supp.) to retrospectively adjudicate child support regarding Count II and that, in any event, since the parties had pending litigation on this issue in the State of Oklahoma, the court would allow Oklahoma to determine this matter on the basis of comity.

■ Appellant first asserts that Rule 54.06(b) does not apply to the action at bar.

---

1. Neither the original decree nor the agreed upon modification contained a clause prohibiting the custodial spouse from removing the children from the State of Missouri without prior court approval or approval of appellant; a clause which is almost "standard equipment" with today's decrees. The original decree allowed appellant reasonable rights of visitation, the modified agreement permitted appellant periodic temporary custody.

2. We note that only the youngest child remains unemancipated. In March of 1987, the younger child would have been fourteen years old, the older child would have been twenty four years old. This action does not involve the custody of the minor child. Therefore, the Uniform Child Custody Jurisdiction Act, RSMo § 452.440–.550 (1986), does not apply.

Rather, appellant claims that RSMo § 452.370.5 gives the circuit court of the Missouri county in which a divorce decree was entered continued personal jurisdiction over the parties for the limited purpose of modifying child support or maintenance. For the following reasons, we agree with appellant's interpretation.

We begin by recognizing the scope of our appellate review powers in a judge tried case as enunciated in *Murphy v. Carron:* "the trial court will be sustained ... unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Appellant first claims that RSMo § 452.370.5 provides the court with continuing jurisdiction over the parties of a dissolution decree. In pertinent part, RSMo § 452.370.5 states:

> The circuit court shall have continuing personal jurisdiction over both the obligee and the obligor of a court order for child support or maintenance for the purpose of modifying such order ... The order may be modified only as to support or maintenance installments which accrued subsequent to the date of personal service.[3]

RSMo § 452.370.5 (1987 Supp.).

■ Respondent points to Rule 54.06(b) which suggests that the case at bar could not be heard by the trial court. Rule 54.-06(b), in relevant part, states:

> Service sufficient to authorize a general judgment in personam may be obtained on any person, his executor, administrator or other legal representative, whether or not a citizen or resident of this state, who has lived in lawful marriage within this state, as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorneys fees, suit money, or disposition of marital property, if the other party to the lawful marriage continues to live in this state.

Rule 54.06(b) (1989 Supp.). Rule 54.06(b) sets forth a two part test which must be satisfied before service of process can be had upon a nonresident. First, the parties must have lived in lawful marriage within this state. *Thompson v. Thompson,* 657 S.W.2d 629, 631 (Mo. banc 1983). *Nocito v. Nocito,* 670 S.W.2d 181, 182 (Mo.App., E.D. 1984). Secondly, the petitioner (the "other party") must continue to reside in Missouri. *Thompson,* 657 S.W.2d at 632. Clearly, in the case at bar, the second prong has not been met since appellant, the petitioner below, has not continued to live in Missouri. However, we are persuaded that Rule 54.-06(b) does not apply to this case.

It has been held, even before the adoption of RSMo § 452.370.5, that a final judgment in a divorce or dissolution of marriage action does not divest the court in which it was rendered of continued jurisdiction to modify that decree as to maintenance or support. *Burchett v. Burchett,* 572 S.W.2d 494, 497 (Mo.App., W.D.1978). *Welker v. Welker,* 680 S.W.2d 282, 285 (Mo.App., E.D.1984). This jurisdiction is exclusive as to such matters. *Burchett,* 572 S.W.2d at 497. *Welker,* 680 S.W.2d at 285. The *Burchett* court further noted that while the motion to modify is not an original action requiring service of process, it is treated as a subsequent pleading in which notice must be accomplished pursuant to Rule 43.01(a). *Burchett,* 572 S.W.2d at 497. This rule provides for service of pleadings upon affected parties.

We also note that subsection 5 of RSMo § 452.370.5 clearly codified the *Burchett* holding by stating that the circuit court

---

**3.** Respondent claims in her brief that RSMo § 452.370.5 cannot be retroactively applied since this section of the statute was only added in 1987 while the decree was entered in 1973. However, RSMo § 452.415.3 clearly states that

§§ 452.300 to 452.415 apply to the modification of a judgment or order which was entered prior to January 1, 1974. Therefore, § 452.370.5 can be applied to the motion to modify the 1973 divorce decree.

continues to have "personal jurisdiction over both the obligee and the obligor of a court order for child support or maintenance" in order to modify it. RSMo § 452.370.5 (1987 Supp.). This statute further specifies that if "personal service of the motion cannot be had in this state, the motion to modify and notice of hearing shall be served outside the state pursuant to Rule 54.14." *Id.*

■ Despite the statute's clear language indicating the applicability of Rule 54.14, respondent urges that Rule 54.06 applies, relying principally upon the decisions in *Thompson v. Thompson,* 657 S.W.2d 629 (Mo. banc 1983) and *Nocito v. Nocito,* 670 S.W.2d 181 (Mo.App., E.D.1984). The holding in both of these cases was that a trial court was without jurisdiction to modify a decree of divorce or dissolution where the original decree was not entered in a Missouri court. *Thompson,* 657 S.W.2d at 632. *Nocito,* 670 S.W.2d at 182. In *Thompson,* the decree of dissolution was entered in a Kentucky court and the former wife commenced an action in Missouri to modify this decree. *Thompson* 657 S.W.2d at 630. The court found that neither prong of Rule 54.06(b) was fulfilled. *Id.* at 631–32. Likewise, in *Nocito* the former wife attempted to modify in Missouri a decree of divorce which had been rendered in New Jersey. *Nocito,* 670 S.W.2d at 181. Clearly a Missouri court could not claim continuing jurisdiction pursuant to a judgment or order which was handed down by a different state's court. Therefore, the *Burchett* rationale and RSMo § 452.370.5 could not be applied to these cases.

Yet, in the case at bar, the trial court below was faced with a motion to modify a decree of divorce entered in the State of Missouri. Thus, the rationale of *Burchett, Welker* and RSMo § 452.370.5 provided continuing personal jurisdiction over both parties for the limited purpose of modifying the child support and maintenance provisions of this decree. Therefore, the trial court erred when it applied Rule 54.06(b) to appellant's motion to modify. *Murphy,* 536 S.W.2d at 32. Since we find that the court below did have jurisdiction for the limited purpose of modifying its own decree of divorce regarding maintenance and child support, we reverse the court's dismissal of Count I of appellant's motion.

Count II of appellant's motion to modify sought the court's declaration that appellant's past due child support obligations should be extinguished based on the equitable grounds of unclean hands, estoppel, and waiver by acquiescence. The court dismissed this count because it stated that it did not have the authority to retrospectively modify the decree and because of comity. Appellant claims that it was error for the trial court to dismiss this count since he was not seeking retrospective relief from a child support award but was seeking equitable relief. We are unpersuaded by appellant's arguments in this regard.

■ Missouri Revised Statute § 452.370.5 (1987 Supp.) provides that an order modifying the support or maintenance obligation of a party may only affect "installments which accrued subsequent to the date of personal service" upon the responding party of the motion to modify. This statute clearly precludes the court from the retrospective modification of a support or maintenance award. However, this does not mean that equitable doctrines may not be used to defend against actions that seek to enforce past due obligations or quash writs which seek to revive prior judgments. Indeed, this court has recognized that a party can waive by acquiescence the right to receive child support or maintenance.[4] *Sagos v. Sagos,* 729 S.W.2d 76 (Mo.App., E.D.1987). *Grommet v.*

4. While appellant treats his claims of waiver, estoppel, and unclean hands separately in his second count, we note that saying respondent has waived by acquiescence her right to support is merely a more sophisticated way of saying respondent should be estopped from collecting the same. Accordingly, we treat these three claims as analytically identical, equitable considerations.

*Grommet,* 714 S.W.2d 747 (Mo.App., E.D. 1986). In both of the above cases these equitable considerations were raised as affirmative defenses to an action to reduce past due obligations to judgment. In the case at bar, appellant treated these defenses as a cause of action ab initio. If they are treated as such and allowed to be raised in a motion to modify, then appellant would successfully have evaded the clear mandate of RSMo § 452.370.5 which prohibits a court from modifying a maintenance or support obligation retrospectively. The court's dismissal of Count II of appellant's motion, therefore, was indeed proper.

Furthermore, the trial court also dismissed Count II because it felt principles of comity required that the issue of past due support be litigated in Oklahoma. Both parties concede that appellant has filed a petition in Oklahoma for judicial review of the administrative hearing board's award of past due support. Under the principle of comity, when two state courts have jurisdiction to determine an issue between the same parties, the court whose jurisdiction attached first should proceed to render a final judgment. *Jewell v. Jewell,* 484 S.W.2d 668 (Mo.App., K.C.D. 1972).

Appellant argues that since it is not clear when the petition for review was filed in Oklahoma, the Missouri court below could not say that comity applied.[5] However, both parties concede that an action to review the Oklahoma administrative decision was indeed pending. We also note that since appellant's equitable claims are defenses to the very issue pending in Oklahoma, it seems only logical that the Oklahoma litigation be allowed to continue un-

fettered. We cannot say that it was erroneous for the trial court to invoke the doctrine of comity to dismiss appellant's second count.[6]

For the foregoing reasons, the order dismissing appellant's Count I of his motion to modify is reversed and Count I is ordered reinstated. The order dismissing Count II is affirmed.

REINHARD and CRIST, JJ., concur.

---

5. The date of March 18, 1988, as the date of filing of the petition appears only in respondent's suggestions to the court in support of her motion to dismiss. A hearing was not held by the trial court on this issue. It is certainly curious why appellant would refrain from disgorging the date the petition was filed in Oklahoma, lest he sought to preserve the uncertainty to avail him on appeal.

6. We note that the accepted rule regarding dismissals based on the pendency of prior actions is that the prior action is not a "bar" to later actions but acts as a "stay" of such later proceedings. *Brunton v. Floyd Withers, Inc.,* 716 S.W.2d 823, 827 (Mo.App., E.D.1986). Therefore, had comity been the sole basis upon which the court dismissed Count II, it may have been necessary to amend the court's order to a dismissal without prejudice.