**Westley Brian RAPP, Petitioner–Appellant,**

v.

**Janet Lynn (Rapp) RUSSELL, Respondent–Respondent.**

No. 21724.

Missouri Court of Appeals, Southern District, Division One.

March 26, 1998.

James R. Sharp, Wear & Sharp, Springfield, for Petitioner–Appellant.

Donald L. Sanders, Springfield, for Respondent–Respondent.

PREWITT, Judge.

During the marriage of the parties, they had a child born September 5, 1992. Their marriage was dissolved by the Circuit Court of Lawrence County, Missouri, on April 12, 1994, with the dissolution decree being amended October 31, 1995. Respondent was granted primary custody of the child, with visitation in Appellant, and Appellant was ordered to pay Respondent child support. On January 31, 1997, Appellant filed a motion to modify the dissolution decree, seeking custody of the child or expanded visitation, a reduction in child support, and that the court hold Respondent in contempt for violating the decree.

Following the dissolution, and apparently since at least October of 1995, Appellant has resided at Catoosa, Oklahoma, and Respondent and the child in Sterlington, Louisiana, and then West Monroe, Louisiana.

Respondent, through her attorney, entered a special appearance challenging the jurisdiction of the court, and moving that the court dismiss Appellant's motion "for lack of jurisdiction." Following a hearing on the motion, the trial court sustained the motion and entered judgment of dismissal "for lack of jurisdiction."

In his brief on appeal, Appellant concedes that under the Uniform Child Custody Jurisdiction Act, § 452.440, et seq., RSMo 1994, the trial court could find it did not have jurisdiction to modify the visitation or custody portions of the decree. He contends, however, that the court erred in dismissing his motion because it did have jurisdiction to enforce its order and find Respondent in contempt and to modify the decree as to the amount of child support. We conclude that these contentions have merit.

*Contempt*

■ Missouri has jurisdiction to enforce a Missouri decree, even if it may not modify it. *In re Marriage of Ray*, 820 S.W.2d 341, 345 (Mo.App.1991). "There is a distinction between modification jurisdiction and enforcement jurisdiction. 'Modification jurisdiction involves holding an evidentiary hearing to determine a change in circumstances and best interests of the child, whereas enforcement jurisdiction is limited to determining whether a custody order was valid when entered and can be enforced.'" *Id. See also Levis v. Markee*, 771 S.W.2d 928, 931 (Mo. App.1989) (even if a court loses jurisdiction to modify under the Uniform Child Custody Jurisdiction Act it retains power to enforce compliance through contempt).

■ Although the Uniform Child Custody Jurisdiction Act governs custody determinations, a motion for contempt is not a determination for custody and the court may enforce its custody order even though a child has lived outside the state for more than six months. *Levis*, 771 S.W.2d at 931.

■ Under certain circumstances, whether to exercise jurisdiction on a motion for contempt may be within the trial court's discretion. *See Payne v. Weker*, 917 S.W.2d 201, 207 (Mo.App.1996); *Levis*, 771 S.W.2d at 931. Whether the trial court might have exercised its discretion regarding the contempt motion is not before us, as its dismissal was not based on discretion but "lack of jurisdiction." Here, the court had jurisdiction and it erred in dismissing the motion to hold Respondent in contempt on that basis.

*Modification of Child Support*

Appellant sought to reduce the child support, contending his new employment generated "less income." He also sought to have Respondent share in the cost of transporting the child from Louisiana to Oklahoma and back when he has visitation. Section 452.370.6, RSMo 1994, provides:

The circuit court shall have continuing personal jurisdiction over both the obligee and the obligor of a court order for child support or maintenance for the purpose of modifying such order. Both obligee and obligor shall notify, in writing, the circuit clerk of the court in which the support or maintenance order was entered of any change of mailing address. If a personal service of the motion cannot be had in this state, the motion to modify and notice of hearing shall be served outside the state as provided by supreme court rule 54.14. The order may be modified only as to support or maintenance installments which accrued subsequent to the date of personal service. For the purpose of 42 U.S.C. 666(a)(9)(C), the circuit clerk shall be considered the "appropriate agent" to receive notice of the motion to modify for the obligee or the obligor, but only in those instances in which personal service could not be had in this state.

 Under this provision, there is continuing personal jurisdiction over both parties to modify child support provisions of a dissolution decree. *Hale v. Hale,* 781 S.W.2d 815, 818–19 (Mo.App.1989). As noted in this subsection, personal service can be obtained upon the non-resident respondent pursuant to Rule 54.14.[1]

The judgment is affirmed as it pertains to the dismissal of Appellant's motion seeking modification of the custody and visitation provisions of the prior decree. The judgment is reversed as it purports to dismiss the provisions of Appellant's motion seeking to hold Respondent in contempt and to reduce child support and the cost of transportation of the child. The matter is remanded to the trial court for further proceedings consistent with this opinion.

GARRISON, P.J., and CROW, J., concur.

---

1. The portion of the Section above quoted and discussed in *Hale,* was previously numbered Section 452.370.5. *See* RSMo Supp.1987.